JOHN P. HAWKINS, Respondent, *v.* PELHAM ELECTRIC LIGHT AND POWER COMPANY, Appellant.

PLACE OF TRIAL — EFFECT OF ANNEXATION OF PART OF WESTCHESTER COUNTY TO NEW YORK COUNTY. The territory annexed to the county of New York by chapter 934 of the Laws of 1895 is a part of the county of New York for the purposes of determining the place of trial of one of the class of actions specified in section 982 of the Code of Civil Procedure.

*Hawkins* v. *Pelham El. L. & P. Co.*, 34 App. Div. 627, reversed.

(Argued February 28, 1899; decided March 14, 1899.)

Appeal, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department entered December 10, 1898, affirming an order which denied the defendant's motion to change the place of trial of this action from Westchester county to the county of New York.

The question certified for review and the facts, so far as material, are stated in the opinion.

*Joseph I. Green* for appellant. The Appellate Division erred in affirming the order denying defendant's motion for an order changing the place of trial of this action from Westchester county to New York county. (Code Civ. Pro. § 982; *Horne* v. *City of Buffalo*, 49 Hun, 76; *Cragin* v. *Lovell*, 88 N. Y. 258; *Dexter* v. *Alfred*, 35 N. Y. S. R. 489; *Easton* v. *Booth*, 19 Wkly. Dig. 552; *Freeman* v. *Thomson*, 50 Hun, 340; *Gould* v. *Bennett*, 59 N. Y. 124; *Acker* v. *Leland*, 96 N. Y. 383; *Wyatt* v. *Brooks*, 42 Hun, 502; *Gorman* v. *S. B. I. Co.*, 32 Hun, 71; *Mahoney* v. *Mahoney*, 70 Hun, 78.) The court, in affirming the order appealed from, misapprehended the section of the Code of Civil Procedure which regulates the practice in a case of this kind. (L. 1895, ch. 934.)

*Cornelius E. Kene* for respondent. The Annexation Act, viz., chapter 934 of the Laws of 1895, was ineffective to change the lines of the judicial districts; and as to all matters affecting the jurisdiction of the Supreme Court, the territory purporting by such act to be annexed to the county of New York still remains unannexed and a part of Westchester county. (*People ex rel.* v. *Bd. Suprs.*, 147 N. Y. 1; *Zeimer* v. *Rafferty*, 18 App. Div. 397; *Rumsey* v. *People*, 19 N. Y. 41; *Lanning* v. *Carpenter*, 20 N. Y. 447.)

Martin, J. The appeal in this case was allowed by the Appellate Division, and the following question was certified to this court for determination: "Whether the territory

annexed to the county of New York by chapter 934 of the Laws of 1895 is a part of the county of New York for the purposes of determining the place of trial of one of the class of actions specified in section 982 of the Code of Civil Procedure?" This question assumes the annexation to the county of New York of the territory described, and that the place of trial of this action is controlled by section 982 of the Code. That the action is one which falls within the provisions of that section, and is, therefore, triable in the county where the real property of the plaintiff is situated is claimed by the appellant and admitted by the respondent. Consequently, the only question to be determined is the effect of the statute of 1895.

The action was for nuisance to real estate situated in the county of New York, but which formerly constituted a portion of the county of Westchester. In 1895 the legislature enacted a statute which provided that a portion of the county of Westchester, which includes the plaintiff's premises, should be set off from that county and annexed to, merged in and made a part of the county of New York, and should thereafter constitute a part of such county to the same extent as if such territory had been included within the county of New York at the time of the grant and adoption of the first organization thereof. Thus by this act the premises of the plaintiff became a part of the territory included in the county of New York, if the legislature had power to enact it. That it had that power was distinctly held by this court in *People ex rel. Henderson* v. *Board of Supervisors* (147 N. Y. 1). The respondent, however, claims, and the courts below have held, that while this statute was effective to change the lines of these counties and to transfer a portion of the county of Westchester to, and make it a part of, the county of New York, still, that it was ineffective to change the lines of the judicial districts, and that as to matters affecting the jurisdiction of the Supreme Court the territory annexed to the county of New York still remains a part of Westchester county. In making these decisions the courts below seem to have relied upon the *Hen-*

*derson* case. We think they have misapprehended the scope and effect of that decision. It was there expressly held that the legislature had power to change the boundaries of these counties, and that the effect of the statute of 1895 was to transfer from the county of Westchester to the county of New York the territory mentioned in the act. While it is true that in that case the court held that this change of the lines of the two counties did not change the senate, assembly or judicial districts, so far at least as to control in determining the electors who should be entitled to vote for senator, assemblymen or judges of the Supreme Court, still, it distinctly held that the portion of the territory which was annexed to the county of New York was to be considered a part of that county for other purposes.

In this case no question as to the rights of electors to vote is involved. The plain and only question presented is whether the territory annexed to the county of New York by the act of 1895 has become and is a part of that county, so that the plaintiff is a resident of, and his property is within its lines. We find nothing in the *Henderson* case that justifies the conclusion that the residents of the annexed territory are not residents of the county of New York, or that the property in the annexed district is not within its borders. We are of the opinion that the decision in the *Henderson* case did not justify the decisions of the courts below, but that the statute of 1895 effected a change in the lines of the two counties; that the annexed territory became a part of the county of New York, and that the defendant was entitled to an order changing the place of trial of this action in accordance with his demand.

It, therefore, follows that the order appealed from should be reversed, with costs, that the defendant's motion should be granted, with ten dollars costs, and the question certified answered in the affirmative.

All concur.

Ordered accordingly.