## McTURCK v. FOUSSADIER.

(Supreme Court, Appellate Division, Second Department. May 29, 1900.)

1. MUNICIPAL COURT, BOROUGH OF THE BRONX, FIRST DISTRICT—APPEAL—APPELLATE DIVISION, SECOND DEPARTMENT—JURISDICTION.

Greater New York Charter, § 1359, creates two districts of the municipal court in the borough of the Bronx; the First embracing the territory annexed to New York City by Laws 1895, c. 934. Section 1367, as amended by Laws 1898, c. 546, authorizes appeals from the municipal court to be heard in such manner and by such justice or justices as the appellate division embracing the district wherein action is brought shall direct, except that the appellate division of the Second department may direct that such appeals be heard directly before that court. *Held*, that the appellate division, Second department, retains jurisdiction of an appeal from the municipal court, borough of the Bronx, First district, notwithstanding Laws 1895, c. 934, exscinds such district from Westchester county, and annexes it to New York City.

2. WITNESS—HANDWRITING—QUESTION BY COURT—COURT PRACTICING AS ATTORNEY—GREATER NEW YORK CHARTER—PROVISION.

Where a witness testifies that a certain receipt is in his handwriting, and the judge of the municipal court before whom the trial is had, on his attention being directed to a manifest dissimilarity in handwriting between the body of the receipt and its date, interrogates the witness as to the latter, and the witness thereupon denies that the date is in his handwriting, such question by the court is proper, and is not within the provisions of Greater New York charter, forbidding a ·justice of the municipal court to practice as an attorney.

3. COMPLAINT—CREDIT—RECEIPT—EVIDENCE—IDENTITY OF ITEMS—FINDING.

Where plaintiff's complaint shows the allowance to defendant of a credit of $25 paid on the claim on October 25, 1893, and on the trial plaintiff's receipt for that amount on that date is put in evidence, such evidence justifies the court in finding that the payment shown by the receipt was the same one allowed in plaintiff's complaint, and therefore in rendering judgment for plaintiff for the amount prayed in the complaint.

4. JUDGMENT—CONFLICTING EVIDENCE—APPEAL.

Where a judgment is rendered on conflicting evidence, it will not be disturbed on appeal.

Appeal from municipal court, borough of the Bronx, First district.

Action on an account by Robert McTurck against Maggie Foussadier, as executor of the estate of Constant Baudouin, deceased. From a judgment of the municipal court of New York City, borough of the Bronx, First district, in favor of plaintiff, defendant appeals. Motion to dismiss appeal overruled, and judgment affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

E. S. Caldwill, for appellant.
Arthur H. Wadick, for respondent.

GOODRICH, P. J.　The respondent's counsel, by his motion to dismiss the appeal, challenges the jurisdiction of this court to entertain an appeal from the municipal court of the city of New York, borough of the Bronx, First district, which district is a part of the territory exscinded from Westchester county, and annexed to the county of New York, by chapter 934 of the Laws of 1895.　The Greater New York charter (section 1359) provides that there shall be in the borough of the Bronx two districts of the municipal court, the First embracing the territory annexed to the city and county of New York by chapter 934 of the Laws of 1895.　Section 1367 of the charter, as amended by chapter 546 of the Laws of 1898, provides for appeals from judgments rendered in the municipal court in part as follows:

"Such appeal shall be heard in such manner and by such justice or justices as the appellate division of the supreme court in the judicial department embracing the district wherein the action is brought shall direct, except that the appellate division of the Second judicial department may direct that such appeal be heard directly before that court."

In People v. Board of Sup'rs of Westchester Co., 147 N. Y. 1, 41 N. E. 563, 30 L. R. A. 74, the effect of the act of 1895 was under consideration.　The special term in this department had directed the issue of a peremptory writ of mandamus requiring the board of supervisors of the county of Westchester to reassemble, and divide the said county into three assembly districts.　The general term affirmed the order, and on appeal the court of appeals affirmed the judgment of the general term.　The court, Andrews, C. J., writing, said (pages 23, 24, 147 N. Y., and page 569, 41 N. E.):

"We think the construction of the act of annexation, which affirms its validity as such, but leaves the annexed territory part of the Twenty-Second district and of the Second judicial district and department, and within the jurisdiction of the board of supervisors of Westchester county for the purpose of forming assembly districts, most nearly harmonizes the provisions of the constitution relating to senate, judicial, and assembly districts. and the power possessed by the legislature to divide counties and towns."

Referring to this case, the appellate term of the First department, in Duckworth v. Cunningham, 26 Misc. Rep. 403, 404, 56 N. Y. Supp. 191, said:

"In the case at bar the question simply is whether the First district of the borough of the Bronx is within the First or the Second judicial department.　If in the First department, this court has jurisdiction to entertain the appeal; if in the Second department, this court is without jurisdiction.　The question has been practically decided by the court of appeals in People v. Board of Sup'rs of Westchester Co., 147 N. Y. 1, 41 N. E. 563, 30 L. R. A. 74.　The effect of that decision is that the territory now embraced within the boundaries of the First judicial district of the municipal court, borough of the Bronx, remains, notwithstanding its former annexation to the city and county of New York, part of the Twenty-Second senate district and of the Second judicial district and department."

Counsel for the respondent claims that a later decision of the court of appeals (Hawkins v. Power Co., 158 N. Y. 417, 53 N. E. 162) has limited the scope of the decision in the Henderson Case.　In

the Hawkins Case the court said (page 420, 158 N. Y., and page 163, 53 N. E.):

"While it is true that in that [Henderson] case the court held that this change of the lines of the two counties did not change the senate, assembly, or judicial districts, so far, at least, as to control in determining the electors who should be entitled to vote for senator, assemblymen, or judges of the supreme court, still it is distinctly held that the portion of the territory which was annexed to the county of New York was to be considered a part of that county for other purposes."

It is to be observed that this quotation uses the words "other purposes," but this does not necessarily include all other purposes; and we do not find in either case any authority for the claim that the territory of the Bronx is not within the Second judicial department, for the purposes of this appeal. Indeed, on principle, as the court held that the voters of the district of the Bronx were entitled to vote for the justices of the supreme court in the Second judicial department, it is reasonable to infer that the voters, and all others who have the right to sue and are subject to be sued living in that district, are entitled to have their actions at law and equity adjudicated by the justices whom such voters have elected. We are unwilling, therefore, to construe the Hawkins Case as overruling the Henderson Case in any respect which would require us to say that the district of the Bronx is not a part of the Second judicial department; all the more, that by reason of the decision in the Duckworth Case the appellate term in the First department has refused to entertain appeals from the municipal court of the city of New York, borough of the Bronx, First district. The result of holding that the Henderson Case was overruled in the respect indicated would be to deny the suitor in the territory in question the right of appeal to the Second department, as well as the appellate term in the First department. The motion to dismiss the appeal should therefore be denied.

The appeal from the judgment involves a pure question of fact on conflicting evidence. The plaintiff sued to recover the balance of a bill, the last item of which is dated December 17, 1883. The defendant set up the statute of limitations. The plaintiff testified that the defendant's testator paid him $25 on October 25, 1893, and there is such an entry on the plaintiff's books, a leaf of which is included in the return. On another bill, dated November 29, 1884, rendered by the plaintiff to the testator, appears the plaintiff's receipt for $25, the date being October 25, 1888. When the receipt was presented to him, the plaintiff testified that it was in his handwriting. Afterwards, but at the same examination, the attention of the court apparently was attracted to an evident difference between the chirography of the date and that of the rest of the receipt, and the court asked the witness: "Tell me in whose handwriting that date on the defendant's exhibit is. A. It is my handwriting. Q. Look at the date. A. That date is not my handwriting. That is as sure as you live. I did not look at that date business." In his brief the appellant's counsel makes these questions of the court the subject of animadversion on the conduct of the jus-

tice. The strictures are utterly unfounded. The action of the justice was wholly within the line of his duty in eliciting facts, and the counsel's citation of the provision of the Greater New York charter, which forbids a justice of the municipal court to practice as an attorney, and hence to act as counsel for either party on a trial before himself, is neither dignified nor humorous, and justly merits the reprobation of an appellate tribunal.

The court rendered judgment for $196.87, the amount of principal and interest, with costs, demanded in the complaint. No deduction was made for the $25 mentioned in the questioned receipt, but the plaintiff's exhibits show that there was a payment of $25 made on October 25, 1893, for which allowance was made in the prayer of the complaint. The court, on the evidence, was justified in finding that the $25 named in the receipt was the same payment which appeared in the account under the date of October 25, 1893. In any event, there was a conflict of evidence, and we neither propose, nor are we at liberty, to interfere with a judgment rendered on a disputed question of fact. The motion to dismiss should be denied, and the judgment affirmed.

Judgment of municipal court affirmed, with costs. All concur, except JENKS, J., who takes no part.