McLAUGHLIN, SCOTT, and LAMBERT, JJ., concur. PATTERSON, P. J., concurs, on the ground that the covenant is more than one against nuisances, and therefore the purchaser should not be compelled to take.

(52 Misc. Rep. 495)

### GORMLEY v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Term. February 4, 1907.)

1. COURTS—JURISDICTION—MUNICIPAL COURT OF CITY OF NEW YORK—EFFECT OF CODE.

Code Civ. Proc. c. 10, tit. 1, art. 2, § 983, provides that an action to recover a penalty must be tried in the county where the cause of action arose; but under section 991 that article applies to an action in the Supreme Court only. Municipal Court Act, Laws 1902, p. 1496, c. 580, § 20, makes the provisions of the Code applicable to the Municipal Court as far as they are not in conflict with the act and may be made applicable. Section 1, subd. 7, of the act (page 1488), gives the Municipal Court jurisdiction to recover statutory penalties (not exceeding $500); and by section 25 (page 1497) an action of which the court has jurisdiction must be brought in the district where one of the parties resides, and, though the district in which the action is brought is not the proper one, the action may be tried therein, unless it is transferred to the proper district before the trial upon demand of the defendant, made upon or before the joinder of issues, etc., and that actions to recover penalties prescribed by local authorities must be brought in the district where such violations occur. Held, that there is no conflict between the Code and the act as to where an action may be brought to recover a penalty for the refusal of a street railroad company to give a passenger a transfer.

2. SAME—FAILURE TO DEMAND CHANGE OF VENUE—EFFECT.

Municipal Court Act, Laws 1902, p. 1497, c. 580, § 25, provides that an action of which the court has jurisdiction must be brought in a district where one of the parties resides, and that, though the district in which the action is brought is not the proper one, the action may be tried therein unless it is transferred to the proper district before the trial upon demand of the defendant, made upon or before the joinder of issues, etc., and that actions to recover penalties prescribed by local authorities must be brought in the district where they were incurred. Held, in an action by a passenger, brought in the borough where he resided against a street railroad company for a penalty for refusing him a transfer in another borough, that the court acquired jurisdiction, where the defendant failed to apply for a change of venue to the other borough upon or before the joinder of issues; the provision of section 248 (page 1561) that judgment of dismissal shall be granted, where it is objected on the trial and appears that the court has no jurisdiction, being intended to be invoked only where evidence during the trial demonstrates absolute lack of jurisdiction.

3. SAME—APPEARANCE—APPEAL—JUDGMENT BY DEFAULT.

Where defendant in an action in the Municipal Court appeared, but permitted judgment to go against it by default, it could not appeal from the judgment.

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Arthur J. Gormley against the Brooklyn Heights Railroad Company. From a judgment for plaintiff, defendant appeals. Appeal dismissed.

Argued before GILDERSLEEVE, BLANCHARD, and DAYTON, JJ.

George D. Yeomans, for appellant.
Harcourt Bull, for respondent.

DAYTON, J.    Action brought October 10, 1905, on verified complaint to recover statutory penalty of $50 incurred in borough of Brooklyn for defendant's refusal to give plaintiff a transfer.    Defendant filed an answer, verified October 17, 1905.    Adjournments were had by consent until December 20, 1905.    On December 19, 1905, defendant stipulated as evidence that it was lessee of the Brooklyn Railroad Company, subject to any valid objection to the admissibility thereof.    Up to the time of the trial no question of jurisdiction had been raised.    On the day of the trial (December 20, 1905) the record is as follows:

"The Court: Let it appear that motion was made to dismiss this action on the ground that the defendant, the Brooklyn Heights Railroad Company, is a corporation operating its cars in the borough of Brooklyn, county of Kings, and that the penalty sought to be recovered can only be recovered in the county where the occurrence took place.    It affirmatively appearing from the pleadings that the penalty had accrued in the borough of Brooklyn, therefore the Municipal Court in the borough of Manhattan has no jurisdiction.    This motion I will deny. (Exception for defendant.)

"Defendant's Counsel: I decline to take part in this trial, relying upon my exception to the refusal to dismiss because the court has no jurisdiction of the subject-matter."

The plaintiff then proceeded with his proofs, and judgment was rendered therein against the defendant for $50 and costs.    Defendant appeals from said judgment.

If the Municipal Court, Borough of Manhattan, Sixth District, acquired no jurisdiction, then this judgment is a nullity, and must be reversed.    By section 1, subd. 7, of the Municipal Court Act (Laws 1902, p. 1488, c. 580), the "Municipal Court of the city of New York" has jurisdiction in an action to recover a penalty (not exceeding $500) given by any statute of the state.    By section 25 of said act, an action of which the Municipal Court has jurisdiction must be brought in a district where one of the parties resides, and subdivision 4 of that section provides:

"If the district in which the action or proceeding is brought is not the proper district, the action may, notwithstanding, be tried therein, unless the action is transferred to the proper district before trial upon demand of the defendant made upon or before the joinder of issues, in writing, or in open court, followed by the consent of the plaintiff given in like manner or the order of the court.    The demand must specify the district to which the defendant requires the action to be transferred," and "the court must make" the requisite order.

Subdivision 5 of said section requires that actions to recover penalties, prescribed by the local authorities must be brought in the district where such violations occurred.    Section 248 of the said act provides that judgment of dismissal shall be granted, without prejudice to a new action, where it is objected at the trial and appears by the evidence that the court has not jurisdiction; but, if the objection be taken and overruled, it is cause only of reversal on appeal, and does not otherwise invalidate the judgment.    If not taken at the trial, it is

waived, and the court will be deemed to have jurisdiction. Section 983· Code Civ. Proc. (chapter 10, tit. 1, art. 2), under the words "Place of Trial," provides that an action to recover a penalty must be tried in the county where the cause of action arose; but section 991 of said Code provides that said article is applicable to an action in in the Supreme Court. Section 20 of the Municipal Court act provides that:

"The provisions of the Code of Civil Procedure and rules and regulations of the Supreme Court, as they may be from time to time, shall apply to the Municipal Court as far as the same can be made applicable and are not in conflict with the provisions of this act.. In case of such conflict, this act shall govern."

It is apparent that the Municipal Court act, which includes the five boroughs of what is known as "Greater New York," was intended to establish and retain a comprehensive plan of procedure. There is no conflict between the Code of Civil procedure and the Municipal Court act as to the question here; but, if there were, the Municipal Court act must govern, and section 25 of said act prescribes defendant's rights and remedies as to place of trial. It is clear that plaintiff had the right to bring this action in the Sixth district, Manhattan, both as to his residence and the subject-matter. It is also clear that the defendant had the option and right, at the time of or before pleading, to apply to require that the action be transferred to the borough of Brooklyn, and was obligated so to do if it desired the change of venue. If the defendant had defaulted, a valid judgment would have been rendered against it in this action. Vide section 248, supra. The Municipal Court act gave to the defendant the absolute right to apply to change the venue to the borough of Brooklyn, and it cannot now complain of its failure to exercise that right.

Considering the scope and purpose of the Municipal Court act as a whole, section 248 thereof was intended to be invoked only where evidence during · the trial demonstrated absolute lack of jurisdiction. Any other construction would hold that by section 248 the Legislature repealed section 25, an intention not to be implied, because of the passage of said act in its entirety. Mendoza v. Rose, 44 Misc. Rep. 241, 88 N. Y. Supp. 938, relied upon by the appellant does not seem to apply. Mr. Justice Scott held:

"Our conclusion is that the right of a loser upon a betting contract to recover the sum lost in an action as for money had and received still survives, and is in no wise affected by section 17, c. 570, p. 377, of the Laws of 1895."

It is quite evident that the propositions on this appeal were not the basis of the decision in Mendoza v. Rose. In my opinion, the trial judge was right in denying the motion to dismiss. The judgment, however, having been taken upon defendant's default, it is not appealable. Kerr v. Walker, 104 App. Div. 45, 93 N. Y. Supp. 311.

Appeal dismissed, with $10 costs.

BLANCHARD, J., concurs.

GILDERSLEEVE, J. (concurring). The Legislature evidently intended to confer jurisdiction upon the Municipal Courts coextensive

with the boundaries of Greater New York, subject to the right of removal conferred by section 25, of the Municipal Court act (Laws 1902, p. 1497, c. 580). In an action in the Supreme Court for nuisance to real estate, the premises were in the county of New York, but which formerly was a part of Westchester county. It was held that the venue was properly laid in New York county. Hawkins v. Light & Power Co., 158 N. Y. 417, 53 N. E. 162. Even if brought in the wrong county, the right is only to have place of trial changed. It is no ground for dismissal. Veeder v. Baker, 83 N. Y. 156.