In the Matter of the Application of MINNIE DOYLE for the Appointment of a Committee of the Person and Property of DANIEL O'CONNOR, Respondent, an Alleged Incompetent Person.

ANNIE LYNAM, as Committee, etc., of DANIEL O'CONNOR, etc., and MINNIE DOYLE, Appellants.

Second Department, March 18, 1921.

Incompetent persons — oath of commissioner in proceedings de lunatico inquirendo — when same may be filed nunc pro tunc — issuing precept to sheriff for jury before taking oath — venue of proceedings.

A commissioner appointed in proceedings *de lunatico inquirendo*, who, before filing his oath, issued a precept to the sheriff to summon a jury, but before any further proceedings were had, called in a notary and took the statutory oath, yet failed to file the same until after the hearings and the granting of the order declaring incompetency, should be allowed to file his oath *nunc pro tunc*, since such act is merely ministerial.

The fact that the precept was issued before the commissioner took the oath should not invalidate the proceedings, since this is also a ministerial act.

*It seems*, that the proceedings would not be void where the jury are regularly brought in even without a precept.

The jury may be summoned, the hearings had, and the oath filed in the county where the alleged incompetent resides, or where the land affected is located, although the petition may have been presented in another county within the judicial district.

APPEAL by Annie Lynam, as committee, etc., and another, from an order of the Supreme Court, made at the Kings Special

Term and entered in the office of the clerk of the county of Kings on the 22d day of December, 1920, denying a motion for an order to file an oath of a commissioner in a proceeding *de lunatico inquirendo,* as of the date it was taken.

*Robert H. Elder,* for the appellants.

*Ernest M. Garbe,* for the respondent.

BLACKMAR, J.:

The proceeding was begun by an order made in Kings county on the 8th of March, 1920, appointing Frank S. Gannon, Jr., commissioner. Gannon, before filing his oath, issued a precept to the sheriff of Richmond county to summon a jury. The case came on for hearing on the sixth of April. Before any proceedings were had on the hearing, Gannon called in a notary and took the statutory oath. It appears, however, that the oath was not filed until September twenty-fourth, after the hearings were ended. The committee, Annie Lynam, applied for permission to sell real property in Richmond county. She found a purchaser, and a contract was agreed upon, but objection to the title was taken because the commissioner had omitted to file his oath until after the hearings and the granting of the order declaring incompetency. In this situation the committee of the incompetent made a motion to be permitted to file the oath *nunc pro tunc.* The motion was denied on the authority of *Matter of Bischoff* (80 App. Div. 326).

The statute (Code Civ. Proc. § 2329) provides that each commissioner, before entering upon the execution of his duties, must subscribe and take, and file with the clerk, an oath, faithfully, honestly and impartially to discharge the trust committed to him.

In the *Bischoff* case three commissioners were appointed. They did not take the oath until after the precept to the sheriff to summon a jury had been issued. Thereafter two of the commissioners took the oath while the third never took it and did not serve. It was held that the proceedings were without jurisdiction and void because of the failure to comply with the statutory requirements. In the opinion the greatest weight is given to the fact that the statute requires

all three commissioners to act, whereas only two of them ever qualified or ever served; but there was a consideration of the question that when the precept was issued to the sheriff the commissioners' oath had not been taken.

The question before us is whether the oath should be filed *nunc pro tunc.* If the proceedings are void there is no use in directing the oath to be filed. I would say on general principles that where the statute requires an officer to take and file an oath before he performs his duties, and he takes the oath, the filing is a mere ministerial act, and if omitted it may be done *nunc pro tunc.* The officer has taken the oath required by law. What he does is done under sanction of the oath, and the omission of the mere physical, ministerial act of filing is, it seems to me, an irregularity that can be thereafter corrected. It is true that he issued the precept to the sheriff before he took the oath; but this also is a ministerial act which does not require the exercise of any judicial discretion. If the jury are regularly brought in, even without the precept, I think the proceedings would not be void. Neither do I think it would be proper to hold the proceedings void because the precept was issued to the sheriff before the oath was made. The point is that the commissioner took the oath before he entered upon the discharge of the duties that required the exercise of judicial powers.

The claim is made that the proceedings were begun in Kings county and that the oath itself was taken in Richmond county. The statute provides that the petition shall be presented to a Special Term held in or to a justice at chambers within the judicial district where the alleged incompetent resides (Code Civ. Proc. § 2323); but it is not irregular that the jury should be summoned, the hearings had and the oath filed in the county where the alleged incompetent resides or where the land affected is located although the petition may have been presented in another county within that district.

The order should be reversed, without costs, and the motion to file the oath as of the date when it was taken granted.

JENKS, P. J., RICH, PUTNAM and KELLY, JJ., concur.

Order reversed, without costs, and motion to file the oath as of the date when it was taken granted.