In the Matter of KARL JUNGBLUTH, Deceased. KARL JUNGBLUTH, JR., and Another. FRANK T. SULLIVAN and Another, as Executors, and MAE STEWART JUNGBLUTH.— Motion for leave to appeal to the Court of Appeals denied, with ten dollars costs. Present — Martin, P. J., O'Malley, Glennon, Untermyer and Dore, JJ.

PHILIP DAVIS v. THE NEW YORK CENTRAL RAILROAD COMPANY.— Motion for leave to appeal to the Court of Appeals or for reargument denied, with ten dollars costs. Present — Martin, P. J., O'Malley, Townley, Dore and Callahan, JJ.

FEER REALTY CORPORATION v. CHARLES F. DOWE.— Motion for leave to appeal to the Court of Appeals granted. [See ante, p. 819.] Present — Martin, P. J., O'Malley, Glennon, Cohn and Callahan, JJ.

In the Matter of the Application for the Appointment of a Committee of the Person and Property of SARA M. FRANK, an Alleged Incompetent Person. EDGAR A. SAMUEL, Administrator with the Will Annexed, etc., of SARA M. FRANK, Deceased, Appellant; JOHN F. KEATING, Special Guardian, etc., ALFRED RATH-HEIM, Administrator with the Will Annexed, etc., of SARA M. FRANK, Deceased, and ABRAHAM I. MENIN, Respondents. ALFRED RATHHEIM, Administrator with the Will Annexed, etc., of SARA M. FRANK, Deceased, Appellant; JOHN F. KEATING, Special Guardian, etc., EDGAR A. SAMUEL, Administrator with the Will Annexed, etc., of SARA M. FRANK, Deceased, and ABRAHAM I. MENIN, Respondents. ABRAHAM I. MENIN, Appellant; JOHN F. KEATING, Special Guardian, etc., ALFRED RATHHEIM and EDGAR A. SAMUEL, Administrators with the Will Annexed, etc., of SARA M. FRANK, Deceased, Respondents. (Cross-appeals.) — Order modified by reducing the allowance to the special guardian to $2,500 and as so modified affirmed. (See Matter of Lofthouse, 3 App. Div. 139.) All concur, except Martin, P. J., who dissents and votes to reverse as to the special guardian and deny his motion for an allowance, and to affirm that part of the order which denies the cross-application of Abraham I. Menin for an order allowing his fees and disbursements. All claims against the estate of this alleged incompetent, now deceased, should be filed and proved in the Surrogate's Court. (See Matter of Bischoff, 80 App. Div. 326.) Settle order on notice. Present — Martin, P. J., Townley, Untermyer, Cohn and Callahan, JJ.

(June 19, 1939.)

. In the Matter of the Application of GEORGE A. FERRIS for an Order Designating and Appointing an Arbitrator Who Shall Act under a Certain Contract between the Said GEORGE A. FERRIS and IDONAH SLADE PERKINS, Pursuant to Section 1452 of the Civil Practice Act. IDONAH SLADE PERKINS, Appellant; GEORGE A. FERRIS, Petitioner, Respondent.— Order unanimously modified so as to allow appellant to designate an arbitrator of her own selection within ten days. On her failure to so designate, the arbitrator designated by the court at Special Term shall serve. No opinion. Settle order on notice. Present — Martin, P. J., Townley, Untermyer, Cohn and Callahan, JJ.