■ In the Matter of the Appointment of a Committee of the Person and Property of NORMAN W. ROE, an Alleged Incompetent Person. GEORGE R. DARE, Appellant; CARL S. FORSYTHE et al., Respondents.— Order entered November 29, 1967, modified on the law and the facts, to the extent of reducing the fee of $2,500 awarded the Commissioner as and for his compensation to the sum of $1,000, and except as so modified, affirmed, with costs and disbursements to all parties filing briefs payable out of the incompetent's estate. (See Matter of Rice, 22 A D 2d 339.) Although we take a dim view of the petitioner's instituting the proceeding in New York County, when the incompetent was domiciled here only sporadically, we accept the proceeding because it was permitted to go forward to a conclusion, with no motion made for a change of venue. Indeed, the main objectant filed no answer to the petition and not only participated in the incompetency proceedings without murmur, but also offered himself for consideration as committee, and joined in the confirmation of incompetency. Further, all of the banking relationships of the incompetent of any substantial nature are with New York City banks; the bulk of his securities, represented to have a market value of over eight million dollars, are located in a safe-deposit box maintained at the Bank of New York, 530 Fifth Avenue, which bank has been designated as coexecutor and cotrustee under his last will and testament. The choice of venue does not appear to have been made as a result of any element of bad faith or fraud; nor is the proceeding defective jurisdictionally. (Matter of McKitterick, 286 App. Div. 885.) Concur — Stevens, J. P., Tilzer and McGivern, JJ.; Eager and Steuer, JJ., dissent in the following memorandum by Steuer, J.: Steuer, J. (dissenting). There can be little doubt that the venue of this incompetency proceeding was improperly laid. While the petition alleges that the incompetent was a resident of New York County, the proof establishes conclusively that he was not. The incompetent, a man of advanced years and great wealth, has residences in Patchogue, Suffolk County, and Florida. He divided his time between them until he suffered a cerebral accident, from which time he has resided continuously in Patchogue. In past years he spent time between his sojourns at his two homes in the Hotel Pierre, a practice which he discontinued at least four years prior to this proceeding. Even when he was following this practice, he was not a resident of this county; he had no lease and his stay was transient. Subdivision (2) of section 101 of the Mental Hygiene Law provides that a proceeding to declare a person mentally incompetent shall be brought in the judicial district where the alleged incompetent

resides. While this is not a jurisdictional requirement and a failure to comply does not render the proceeding void (*Matter of McKitterick*, 286 App. Div. 885), it could be a ground for reversal in a proper case (see *Matter of Bischoff*, 80 App. Div. 326, 328). We believe this to be such a case. There is no dispute as to the incompetent's condition and no one objects to the finding of incompetency. It is the proceedings which followed which are questionable and which, coupled with the fact that the wrong venue was adopted, lead to the conclusion that these proceedings should be vacated and the matter remitted to the proper forum (cf. *Matter of Clarkson*, 186 App. Div. 575). The steps which are deemed questionable include the appointment of the guardian ad litem for the incompetent as a member of his committee. We have held that a commissioner appointed to try the issue of incompetency should not be so appointed (*Matter of Rice*, 22 A D 2d 339). This is for policy reasons — that one designated to act as a judge of the proceedings should not be allowed to benefit from the outcome. The same policy reasons would apply to one appointed to protect the interests of the alleged incompetent and whose duty is to see to it that he is not improperly adjudicated and incompetent. This is a matter of policy and does not require a finding that the guardian failed to exercise his best efforts to prevent an adjudication of incompetency. Specifically, no lack of professional effort by the guardian appointed in this case is to be inferred. In addition, the other members of the committee have been acting under power of attorney from the incompetent and in that capacity have expended large sums of money for which the estate will have to require an accounting. It appears unseemly that they should account to themselves. Here again there is no implication that the expenditures were in any way improper, but a situation in which impropriety even superficially may be indicated should be avoided. Thirdly, these appointees were named in a designation pursuant to section 101-a of the Mental Hygiene Law giving the right to a person of sound mind to designate in writing the persons whom he would desire to be his committee in the event he is thereafter found incompetent. The circumstances of the designation, made at a time after the incompetent had suffered a stroke and could not sign his name, were such that it was a very close question whether the designation was executed before or after incompetency developed. Lastly, this is an estate of $10,000,000. The fees awarded apparently took that fact into consideration to the exclusion of all others. All of the fees were lavish and one was illegal. It is not necessarily cynical to expect that in an estate of this magnitude where the incompetent has no near relatives, the contest over the control of his estate will inevitably be prompted by motives other than concern for his welfare or the preservation of his assets. But even in this situation a measure of restraint beyond that which was shown would add to the professional image. The order should be modified on the facts and the law and as a matter of discretion by vacating the appointment of the committee and reducing the fees awarded and remanding further proceedings to the Supreme Court in Suffolk County, with costs to all parties filing briefs payable out of the estate, and otherwise affirmed.