■ OTTO GERDAU COMPANY, Respondent, v ANASAE REALTY CORPORATION, Appellant, et al., Defendants. [674 NYS2d 350]

—Order, Supreme Court, New York County (Helen Freedman, J.), entered October 3, 1997, which granted defendant-appellant's motion to vacate the foreclosure sale of the mortgaged property and to enjoin the execution and delivery of the deed only to the extent of continuing the injunction against executing and delivering the deed until 9:00 A.M. on September 30, 1997, unanimously affirmed, with costs.

In view of the announcements of the adjourned dates made to bidders in attendance on the prior scheduled sale dates and the corrected publication of the sale date, we agree with the IAS Court's conclusion that there was adequate notice to potential bidders to insure the fairness of the sale. Defendant's assertion that the initial obviously erroneous publication of the sale date reduced the number of bidders at the sale and adversely affected the sale price is entirely speculative and, as such, does not constitute a ground for setting the sale aside (*see, Buttermark Plumbing & Heating Corp. v Sagarese*, 119 AD2d 540, *lv denied* 68 NY2d 607). "A court may exercise its equitable powers to set aside a judicial sale only where fraud, collusion, mistake, or exploitive overreaching casts suspicion on the fairness of the sale" (*Crossland Mtge. Corp. v Frankel*, 192 AD2d 571, 572, *lv denied* 82 NY2d 655). It is plain that defendant has not demonstrated the existence of any of these conditions.

We have considered the defendant-appellant's other arguments and find that they are without merit. Concur—Milonas, J. P., Nardelli, Wallach and Saxe, JJ.