■ NYCTL 2011-A TRUST et al., Plaintiffs, v DA'JUE PROPERTIES INC., Respondent, et al., Defendants. FAY CAPITAL CORP., Nonparty Appellant. [18 NYS3d 57]—

Order, Supreme Court, Bronx County (John A. Barone, J.),

entered January 21, 2015, which, to the extent appealed from as limited by the briefs, granted defendant Da'Jue Properties Inc.'s motion insofar as it sought to vacate the judgment of foreclosure and sale entered upon its default, and effectively granted defendant's motion insofar as it sought to vacate the auction sale of the property at issue, unanimously reversed, on the law, without costs, and the motion denied.

Defendant's right to redeem the property extinguished upon the property's sale (*NYCTL 2005-A Trust v Rosenberger Boat Livery, Inc.*, 96 AD3d 425, 426 [1st Dept 2012]), and defendant failed to show an equitable basis for vacatur of the sale, "such as fraud, mistake or exploitive overreaching" (*id.*; *see also Otto Gerdau Co. v Anasae Realty Corp.*, 251 AD2d 174, 174 [1st Dept 1998]).

We reject defendant's argument that the tax lien was defective because it had received a tax exemption. There is no evidence that defendant received a tax exemption before the sale of the property. Nor is vacatur of the sale required based on the Referee's failure to file an oath before the sale. The filing is a ministerial act and, if omitted, it may be done nunc pro tunc, as occurred here (*Matter of Doyle [O'Connor]*, 195 App Div 733, 735 [2d Dept 1921]; *see also Travelers Ins. Co. v Broadway W. St. Assoc.*, 164 FRD 154, 163 [SD NY 1995]).

The record does not support defendant's argument that it attempted to redeem the property before its sale. The Referee averred that during the auction of the property defendant stated that it "may be able to pay the taxes" and requested an adjournment, but did not provide the funds for such payment. Because defendant "did not redeem the property by unconditionally tendering the total amount owed," the property was properly sold at the auction (*NYCTL 1999-1 Trust v 573 Jackson Ave. Realty Corp.*, 13 NY3d 573, 579 [2009], *cert denied* 561 US 1006 [2010]).

We have considered defendant's remaining contentions, including that this appeal is moot and that appellant lacks standing, and find them unavailing. Concur—Sweeny, J.P., Renwick, Saxe and Gische, JJ.