IN THE MATTER OF THE APPLICATION OF THE CITY OF BUFFALO, TO TAKE LANDS FOR THE WIDENING OF CARLTON STREET.

Where power is delegated by the Legislature to a municipal corporation to take the property of the citizen *in invitum*, all the prescribed prerequisites to the exercise of that power must be strictly observed and conformed to.

It cannot be presumed that these requirements have been met; the corporation must be able to show it.

The charter of the city of Buffalo of 1870 (title 8, chapter 519, Laws of 1870), as prerequisites to the power given to the city to take lands for streets, etc., requires first, that the common council shall by resolution declare the intent to take the land for the purpose, describing the land, which resolution must be published by the city clerk in the official paper for two weeks. Second, within three months after expiration of publication the common council must declare by resolution " to be adopted by a vote of two-thirds of all its members," that the city has determined to take such lands. Upon motion to set aside an order appointing commissioners to assess damages for lands proposed to be taken for a street improvement, a resolution of the common council entered upon its records as adopted was produced ; but it did not appear by the records or by proof *aliunde*, that two-thirds of the members voted for it ; *held*, that it could not be presumed that the resolution received the requisite two-thirds vote ; that the defect was jurisdictional, not simply an irregularity, the city failing to show authority to act ; and that, therefore, the motion was properly granted

Also *held*, that the fact, that no objections to the regularity of the proceedings appeared upon the record to have been made upon the hearing on application to appoint commissioners did not prevent its being raised

on behalf of the city on this application ; that, as it did not appear that the parties there appearing were the only parties interested, and as those assessed or liable to be assessed for the improvement, and who were not parties to the proceedings were interested, and were not estopped or bound thereby, not having made waiver, could resist the collection of the assessment, the city had the right to seek to retrace the steps taken in mistake, and was bound to take advantage of the lack of authority.

*Buell* v. *Lockport* (8 N. Y., 55), distinguished.

Also *held*, that the case was not within the provisions of the Code of Civil Procedure (§§ 1282, 1283, 1290) limiting the time within which judgments may be set aside for irregularity or for errors of fact not arising on the trial, as it was a special proceeding and the decision therein not a judgment.

Also *held*, that the provision of said Code (§ 724), permitting the court to relieve a party from a judgment, order, or other proceeding within one year after notice, did not affect this case ; as in the absence of an express prohibition courts have always control over their own proceedings.

(Argued September 16, 1879 ; decided October 14, 1879.)

Appeal from order of the General Term of the Supreme Court, in the fourth judicial department, affirming orders of the Special Term of the Superior Court of Buffalo, which set aside an order appointing commissioners to ascertain and report the compensation to be paid to the owners of land to be taken for a street improvement in the city of Buffalo, and also an order confirming the report of said commissioners. (Reported below, 16 Hun, 49.)

The motion to set aside said orders was made on behalf of the city ; certain of the owners of lands proposed to be taken appealed. The case was removed to the Supreme Court upon certificate made by a majority of the judges of the Superior Court, that they were incapable of sitting upon the hearing of the appeal to the General Term of that court.

The facts appear in the opinion.

*Joseph P. Carr*, for appellants. The presumption of law is, that all the official acts were done as the law required, and that the vote was taken by ayes and noes. (*People* v. *Sup. Chenango Co.*, 8 N. Y., 328; *People ex rel. Lock* v. *C. C. of Rochester*, 5 Lans., 11; *Matter of Mt. Morris Square*, 2 Hill, 20; *Stryker* v. *Kelly*, 7 id., 24; *Elmendorff*

v. *Mayor, etc.*, 25 Wend., 693; *People* v. *Cook*, 8 N. Y., 89; *People* v. *Sup. Ulster Co.*, 34 id., 268; *Matter of N. Y. P. E. School*, 47 id., 556; *Merchant* v. *Langworthy*, 6 Hill, 646; *People* v. *Holly*, 12 Wend., 481; *Matter M. and H. R. R. Co.*, 19 id., 143; *Thomas* v. *Clapp*, 20 Barb., 165; *King* v. *Longsdale*, 2 Burr., 447.) If there was any defect. in the proceedings it was not jurisdictional, but an irregularity only. (*D'Ivernois* v. *Leavitt*, 8 Abb. Pr., 59; Laws. 1870, chap. 519, tit. 8, § 1.) Such being the nature of the alleged defects, if they were any they can be and have been waived by both parties. (Caithew, 124; Cro. Eliz., 552; 1 Strange, 117; 3 Sand. S. C. R., 605; *Viburt* v. *Frost*, 3 Abb. Pr., 119; *Bingham* v. *Disbrou*, 14 id., 251; *Embury* v. *Connor*, 3 N. Y., 511; *Matter of Arnold*, 60 id., 26; *Dolan* v. *Mayor, etc.*, 62 id., 472; *Astor* v. *Mayor, etc.*, 62 id., 588.) The city of Buffalo being the actor in the proceedings complained of cannot take advantage of the alleged. irregularities therein. (*Buel* v. *Trustees, etc.*, 3 N. Y., 197; *Root* v. *Wagner*, 30 id., 9; *Phyfe* v. *Eimer*, 45 id., 102;. *Wheeler* v. *Houston*, 52 id., 641; *Baldwin* v. *Oswego*, 1 Abb.. Ct. App. Dec., 62; *Buel* v. *Trustees, etc.*, 8 N. Y., 55.) The proceedings in the Superior Court and order of confirmation there made, are final and conclusive upon the respondent and all parties in interest, and are a bar to any reopening of the matter, except upon the ground of fraud. (*In re Canal and Walker Sts.*, 12 N. Y., 406; *Dolan* v. *Mayor, etc.*, 62 id., 472; *People ex rel. Tweed* v. *Liscomb*, 60 id., 559; *Chemung Canal Bank* v. *Judson*, 8 id., 254;. *Staples* v. *Fairchild*, 3 id., 41; *Dyckman* v. *Mayor, etc.*, 5 id., 434; *Schaltter* v. *Gardiner*, 47 id., 404; Laws of 1870,. chap. 519, title 8, § 10; *Matter of Arnold*, 60 N. Y., 26; *Astor* v. *Mayor, etc.*, 62 id., 581; *Broadway widening*, 49 id., 150.) After the lapse of so many years since the order of confirmation, the only ground on which that order could. be vacated is fraud. (Willard's Eq. Jur., 353; *Le Quen* v.. *Gouverneur*, 1 Johns. Cas., 436; *Foster* v. *Wood*, 6 id., 90;. *Lansing* v. *Eddy*, 1 id., 51; *Duncan* v. *Lyon*, 6 id., 351.)

*Charles E. Stillwell*, for respondent. The order appointing the commissioners was void, the notices not having been properly given or served, and the resolution of determination not having been passed as required by the statute. (Laws of 1870, chap. 519, title 8, § 4 and § 3; title 3, § 2; *Dougherty* v. *Hope*, 1 N. Y., 79; *Westbrook* v. *Willey*, 47 id., 457; *In re application Mayor*, 49 id., 150.) The statute under which the proceedings were had must be strictly pursued. (*Head* v. *Prov. Ins. Co.*, 2 Cranch, 127.) The jurisdiction to make the order appointing the commissioners must appear affirmatively from the record. (*Miller* v. *Brown*, 56 N. Y., 386; *McClure* v. *Ross*, 5 Wheat., 118; *People* v. *Williams*, 36 N. Y., 441; *Fitch* v. *Com'rs, etc.*, 22 Wend., 132.) There is no presumption of regularity in a proceeding by which a citizen is to be deprived of his property without his consent. (*People* v. *Hynds*, 30 N. Y., 470; *Clark* v. *Wardwell*, 55 Maine, 61; *City Logansport* v. *Legg*, 20 Ind., 315; *Spangler* v. *Jacoby*, 14 Ill., 297–300; *Slickert* v. *East Saginaw*, 22 Mich., 104; *Sharf* v. *Spier*, 4 Hill, 86; *Young* v. *St. Louis*, 47 Mo., 495; *Morrison* v. *City Lawrence*, 98 Mass., 219; Dillon on Munic. Corp., 470; Cooley on Com'rs' Lien, 528.) The agents of a corporation cannot bind it, if they do not act pursuant to the requisites of its charter. (Dillon on Munic. Corp's, § 767; A. & A. on Corp., §§ 291, 509; 2 Cranch, 266.)

FOLGER, J. The city of Buffalo has the chartered power to take lands for streets. (Laws of 1870, chap. 519, p. 1199.) It is given in general terms, broad enough. But it can be exercised only under conditions precedent, which hedge it about. First: The common council must have by resolution declared the intent to take for a street the lands described in the resolution; and the resolution must have been published by the city clerk in the official paper for two weeks. (Id.) Second: Within three months after the expiration of that publication, the common council must have declared by resolution that the city has determined to

take those lands for that purpose ;. and that resolution must have been adopted by a vote of two-thirds of all the members of the common council. (Id., 1200.) The common council is the local Legislature to declare the need of the street and of the lands for it; and that a declaration may not be made rashly, the judgment of two-thirds of all the members must agree thereto. Before the city can take lands for a street, those resolutions must have been passed; and the last one with the prescribed vote; for it is a familiar principle, that when the sovereign delegates the power to take the property of the citizen, all the prerequisites to the exercise of that power that have been prescribed, must be strictly observed and conformed to. The need is upon the city, before it can take the lands, to be able to show that these requirements have been met. For the basis of the power of the city to act, is the concurring judgment of two-thirds of the members of the common council that there is a necessity for the taking; without which, action of the city to take lands is wholly unauthorized and illegal.

Nor may it be presumed, as the appellants claim. In such case as this, the presumption that official duty has been done cannot be made. Though there appears upon the records of the common council a resolution as adopted, it cannot be presumed from that that two-thirds of the members voted for it, for there was no duty upon them so to vote. The duty that they owed, was to vote for or against as an intelligent and honest judgment bade them. Though it was the duty of the president of the common council to declare the resolution lost, unless there was such vote for it; and the duty of the clerk not to enter upon the records that it was adopted; still, in such case as this, it may not be presumed that, having done otherwise, they did their duty, though a general presumption should be aided somewhat by particular circumstances. To found the power to act against a private right of property, there must be affirmative proof of a compliance with the prerequisites; it is a jurisdictional fact that may not be presumed nor inferred. (*Sharp* v. *Speir*, 4 Hill,

76; *Dyckman* v. *The Mayor, etc.*, 5 N. Y., 434; *In re Marsh*, 71 id., 315.) The case cited by the appellants from 8 N. Y., 317 does not aid them; for there it is conceded, that if the fact to be shown is needed to make out power; as if a certain number is required by law to make a quorum, and there is a defect of power if the number be not present; it may not be presumed.

Now it nowhere appears in the record, that the common council of the city of Buffalo, passed the resolution of determination to take lands for Carlton street, by a two-thirds vote of all its members. It is required by the charter that when such a vote is needed, it is to be taken by ayes and nays, and they are to be entered on the journal. (Laws of 1870, p. 1178, § 2.) The journal shows no such vote; nor is there proof of it *aliunde*.

It is clear, then, that the city could not take the lands for Carlton street from an unwilling owner of them; that it had no authority from the sovereign thereto. The thing needed to start in a lawful course of action was lacking. The legislative branch of the municipal government had not declared the necessity. The executive branch had no right to move without a declaration. It was not an irregularity; it was want of power. There was no standing in court without it.

It is said that the lack of the declaration might be waived, and has been waived. Cases are cited, that a municipality may not rest upon the lack of power to begin action, when persons for whose good the conditions of power have been prescribed, do not set up the non-observance of them; inasmuch as they may waive an adherence to statutory and even constitutional provisions made for their safety, when it is not against public policy so to do. Perhaps this would do, if the appellants on one side, and the city on the other, were the only parties interested. But it does not appear from the record that the appellants are the only owners whose lands are sought. The affidavit read by the appellants, does not distinctly aver that all the persons whose lands would be taken were before the court assenting; while that of the city

attorney, alleges that a large delegation of the land owners on both sides of the street, who are assessed, have besought him to move the court against the proceeding. Besides that, all those who have been assessed, or are liable to be assessed, are interested ; some of them, we infer, not parties in any way to the proceedings to take the lands, and so in no wise estopped or bound thereby, nor having made waiver. They have a right to resist the collection of the assessment, and to urge the lack of power in the city to take the lands ; and hence the lack of right to levy and collect an assessment for the payment of the awards made and other expenses of the proceedings. This right has not been waived. The city will have to meet the assertion of it. It is the duty of the officers of the city to foresee and guard against the evils to follow a successful assertion of it. It is a provision of the charter, that the expense of opening a street shall be finally met by local assessment, and by that alone. (Laws of 1870, p. 1204, § 10.) But if there is no power to levy and collect an assessment, it cannot be thus done. Though there is power to borrow money temporarily, to pay awards (Laws of 1870, p. 1202, § 19); the charter does not contemplate that the money thus got shall be repaid from any fund save that furnished ultimately by the local assessment ; nor does it provide any other way than a local assessment for paying the expenses other than awards. So it is, that the city, though its executive officers have gone so far, is now hampered by the lack of power to begin this work, and is in a difficulty from which there is no other way out than to retrace the steps that have been taken in mistake ; and it has the right to seek so to do. It has as yet no title to the lands by reason of the proceeding sought to be set aside; for it has not the fee until the awards are paid. And *e converso* the owners do not part with it until then. (Laws of 1870, p. 1202, § 18.) It is not the case of *Buell* v. *Lockport* (8 N. Y., 55). There the defendant, after a proceeding ended in its favor, set up the lack of power as a defense against an owner suing for his award, who did not assert,

but waived the lack. It was held that the defendant could not take advantage of it. Here the lack of power does and must always bear upon the city, to prevent it from carrying to the end prescribed by the charter the proceedings begun in error. It is in a legal dilemma. It cannot compel payment of assessments. It cannot pay awards and expenses, according to law, without compelling payment of assessments. Concerning the city as a municipality, and the great body of the tax-payers in it, the proceeding is likely, we may say certain to be futile ; and for the reason that it is without authority. Hence, though the city should be deemed for a time to have been a willing actor in the proceedings, it now has the right, and is bound to take advantage of the want of authority. And though it should be deemed that the proceedings had gone so far as that they would be final and conclusive upon all parties to them if collaterally impeached, yet as the defect alleged is one not of intermediate irregularity arising after jurisdiction of the parties has been acquired, but one existing from the outstart, and withholding right in the city to institute, and of the court to entertain action, the court had the power to vacate the orders it had granted, inasmuch as there was no authority to ask for them, by reason whereof they are ineffectual for the whole end sought. Though it should be held that the jurisdiction of the court depended upon the existence of fact, and it had power to find whether the fact existed : (*Roderigas* v. *The East River Savings Institution*, MSS. Ap.*) ; and that it did find and declare that it existed and thus got jurisdiction ; it would afterwards hear proof that there was error, and that the fact did not exist ; and by vacating its orders, absolve itself from the error of taking jurisdiction in favor of a party who had no standing in court.

But it is claimed that though this be so, the case is within section 1282 of the Code of Procedure, forbidding a motion to set aside a final judgment for irregularity, after the lapse of one year from the filing of the judgment-roll ; or that it

* 76 N. Y., 316.

is within sections 1283, 1290, which forbid the setting aside a final judgment for error in fact, not arising upon the trial, after the expiration of two years from the filing of the judgment-roll.   As to section 1282, one answer is that the matter here is not a mere irregularity, it is fundamental error of substance, affecting the power to proceed at all :   (*White* v. *Coulter*, 59 N. Y., 629.)   As to all of the sections cited, an answer is this :   The Code speaks therein of a judgment and of a judgment-roll.   The Code defines what is a judgment :   (§ 1200.)   It is (for the purpose here) the final determination of the rights of the parties in an action.   An action (§§ 2, 3, Old Code, not repealed by New) is one thing, a special proceeding is another.   This is a special proceeding.   So that the sections cited do not here apply.   Section 724 permits the court to relieve a party from a judgment, order or other proceeding, with a limit of one year after notice thereof.   It does not affect this case.   Courts have always control over their own proceedings, and where there is not express prohibition, may deal with them so that what is right and just may be reached :   (*McCall* v. *McCall*, 54 N. Y., 541; *Phelps* v. *Baker*, 60 Barb., 107; see, also, *Brown* v. *Brown*, 58 N. Y., 609; *In re Price*, 67 id., 231.)

It needs not to notice the other ground taken by the learned court at General Term.

The order appealed from should be affirmed.

All concur, except RAPALLO, J., not voting.

Order affirmed.