MINNEAPOLIS & ST. LOUIS RAILROAD COMPANY v. INGRIN OLSON and Another.[1]

October 25, 1900.

Nos. 12,247—(37).

**Railway—Right of Eminent Domain.**

In condemnation proceedings in furtherance of a proposed extension of its road by a railroad company organized under the laws of this state with the power to exercise the right of eminent domain, the limits of the proposed extension not being included within its charter or articles of incorporation, G. S. 1894, § 2749, applies, and a compliance with its terms is necessary to confer jurisdiction of the subject-matter in such proceedings.

**Refusal to Appoint Commissioners.**

Such fact being shown, the court may modify its order appointing commissioners by vacating the same and denying the application.

On Reargument.

January 4, 1901.

**Authority Given by Special Charter.**

Upon reargument, *held*, that appellant company was authorized by its original charter and by special laws to construct the road in question, independently of chapter 34, G. S. 1894, and hence section 2749 had no application.

Appeal by plaintiff from an order of the district court for Martin county, Quinn, J., vacating an order appointing commissioners in

[1] Reported in 83 N. W. 1086, 84 N. W. 101, 742.

condemnation proceedings and denying an application for appointment of commissioners. Reversed on reargument.

*Albert E. Clarke* and *W. S. Hammond,* for appellant.

*C. M. O'Neill,,* for respondents.

LEWIS, J.

The Minneapolis & St. Louis Railroad Company, a Minnesota corporation, commenced condemnation proceedings to secure the right of way over certain lands in Martin county, and on June 27, 1899, presented its petition to the district court, wherein it was alleged that by its articles of incorporation and the laws of the state it was authorized to construct and operate a railroad and telegraph line from the city of Minneapolis, by way of Winthrop, Minnesota, to New Ulm, Brown county, and thence south to the state line between Minnesota and Iowa, and that, in pursuance of such authority thus granted, it had already constructed and had in operation a line of railroad extending from the city of Minneapolis to New Ulm, and had definitely located and established a continuation or extension of its said line of railroad already constructed south through the counties of Brown, Watonwan, and Martin, by way of St. James and Sherburne, to Estherville, Iowa, and thence southwesterly to Storm Lake, Iowa; that it had definitely located and established its line of road through Martin county; and that being unable to agree with the owners of certain parcels of land in Martin county, over which its line was established, as to compensation, the usual request was made for the appointment of commissioners.

At the time and place fixed for the hearing, respondents appeared specially, and moved the court to dismiss the petition upon the ground of insufficient notice. The motion was denied, no exception was taken, and respondents appeared generally in the proceedings, and an order was made and entered which recited the appearance of respondents, due notice of the hearing on the petition, that the company was a corporation, under the laws of the state, entitled to exercise the power of eminent domain, and that public interest required that the real estate in question should be acquired as stated. Commissioners were appointed, their award was made and filed June 28, 1899, the amount thereof tendered to respondents,

who refused the same, and appealed from the award to the district court. No appeal was taken from the order appointing the commissioners.

Before a hearing was had on the appeal from the award and on December 12, 1899, respondents served notice upon the company of an application for a rehearing on the petition and for an order denying the application for the appointment of the commissioners. The affidavit upon which the notice was based stated that appellant had not complied with the provisions of G. S. 1894, § 2749. An order to show cause issued and appellant appeared and answered, a hearing was had, and it was shown by respondents that the company had never filed any resolution of its board of directors designating the route of the extension. Appellant introduced in evidence the several special acts of the legislature and other documents under which it claimed authority. As a result of the hearing, the court granted the application of respondents, issued an order vacating and setting aside the former order and all proceedings thereunder, and denying the application for the appointment of commissioners. This order was based upon two grounds: (1) For noncompliance with G. S. 1894, § 2749; and (2) that appellant was not a legally organized corporation, having no power, as such, to condemn the lands for railroad purposes, or to exercise the right of eminent domain in relation thereto. From this order the company appealed.

While the order appealed from states, as one of the grounds of its issuance, that the company was not a legally organized corporation, it is so stated in connection with its right to condemn the lands in question. It is not apparent that the court below passed upon the question, except as connected with the proposed extension, and, in view of the conclusion we have reached in this case, we shall assume that appellant was shown to be, as stated in the petition and in the order of June 27, a corporation for railroad purposes, created and existing under the laws of this state, and entitled to exercise the power of eminent domain thereunder. The only question necessary to consider is whether, by virtue of its general corporate powers as above stated, appellant had authority to condemn respondent's land, in construction of the proposed extension from New Ulm, without having complied with the provisions of section 2749. If a

compliance with this section was necessary to confer jurisdiction of the subject-matter in the condemnation proceedings, all of the other questions discussed are immaterial.   On the other hand, if the court acquired jurisdiction, notwithstanding such noncompliance, then those other questions cannot be considered, because they were not properly presented.   The affidavit upon which the order appealed from was based is not an affidavit of merits, addressed to the discretion of the court, for relief from an order entered through mistake, inadvertence, surprise, or excusable neglect.   The application and affidavit were based upon the right of the court to set aside or modify its orders upon cause shown, and presents the jurisdictional question only.   Therefore, if the court acquired jurisdiction of the subject-matter in the condemnation proceedings, the order appealed from must be reversed.

. Appellant insists that section 2749 has no application, except to railroad companies which have exhausted their power to construct railroads under their charters; that appellant possesses such right under several special acts of the legislature, and particularly Sp. Laws 1881, c. 118.   Section 1 reads as follows:

"And the said railway company is also authorized and empowered to construct, maintain and operate a branch line of railway from any point upon the main line, in Hennepin county, or any branch of its railway, to a point upon the westerly line of the state of Minnesota, with a branch or branches running from any point or points upon the said railway extending to the said westerly state line, either northwesterly or southwesterly from such point or points."

This act was approved February 4, 1881, and authorized the company to construct a line of road to the westerly line of the state, with a branch or branches from such line southwesterly.   It appears from the petition that the company has in operation a line to New Ulm, and that the proposed line is a continuation from New Ulm.   We assume that the line to New Ulm was constructed, as stated, under the authority of the special act referred to, but whether prior to or subsequent to the enactment of the general law (section 2749) is not important.   And it is not material whether the provisions of this section were complied with at that time.   The question is this: Conceding that appellant was authorized, by such

special acts, to construct a line from Winthrop to New Ulm, and did so construct it, can it extend that line from New Ulm without complying with section 2749? That section reads as follows:

"Any railroad corporation may, under the provisions of this chapter, extend its railroad from any point named in its charter or articles of incorporation, or may build branch railroads either from any point on its line of railroad, or from any point on the line of any other railroad, between such points connecting with its line of road, or to be connected therewith, or with any line of road such corporation may have acquired the use under lease for a term of not less than ten years. Before making such extension, or building such branch road, such corporation shall, by resolution of its board of directors, to be entered in the record of its proceedings, designate the route of such extension or branch, a copy of which, and a plat or map thereof, duly certified by such corporation under the seal thereof, signed and verified by the president and secretary of such company, and file the same in the office of the secretary of state of this state, who shall record the same in the book to be provided for such purpose. Whereupon such corporation shall have and exercise, with respect to such extension or branch, all the rights, powers, franchises, and privileges possessed by such corporation pertaining to its main or other line of railroad, but no right of way over any private property or any street or highway in this state shall be acquired in any other manner than as provided in this chapter; and all the provisions of this chapter shall apply thereto. * * *"

This provision is sweeping, and covers this case. While the line under consideration is not an extension from a point named in its charter or articles of incorporation, yet it is either a branch line from New Ulm, a point on the present line of road, or it is an extension of the branch line already constructed from Winthrop to New Ulm. In either case the statute applies. Appellant cannot claim exemption from the application of the general laws by virtue of the special act mentioned. That act specified no terminal points, and all that can be claimed for it is authority for such proceedings as were taken under it, when not in conflict with the general law. The articles of incorporation and charter acts define the limit of railroad lines, and this evidence is always available to the public, and it was no doubt for the purpose of compelling record evidence of all railroad extensions that this act was passed.

This view is strengthened by reference to section 2750, G. S. 1894,

where the same requirement is made of railroad companies which desire to change the route of any road or branch. This act being specific and clear, it must be complied with. It is as necessary a step in the condemnation proceedings as the filing of the petition. "* * * Whereupon such corporation shall have and exercise, with respect to such extension or branch, all the rights, powers, franchises, and privileges possessed by such corporation pertaining to its main or other line of railroad." The effect of this provision is to place all extensions on an equal footing with other lines, that is, lines provided for by charter or articles. Failure to comply with this provision was fatal to the jurisdiction, and, when called to the attention of the court, it was a proper exercise of its power, under G. S. 1894, § 5267, to open the case, and set aside or modify its order. It was a fundamental error of substance, affecting the power of the court to proceed at all. In re City of Buffalo, 78 N. Y. 362.

Order affirmed.

On November 15, 1900, the court made the following order:

PER CURIAM.

Application having been made by appellant for a reargument in this case, based upon the ground that the court misunderstood the facts to which the rule of law was applied, and it appearing to the court that there is reasonable ground for such application, it is ordered that reargument be granted upon the following question:

Was appellant company, by its original charter and subsequent amendments, authorized to construct the proposed extension, and to exercise the right of eminent domain with reference thereto, independently of the general provisions of G. S. 1894, c. 34? It is further ordered that the argument be oral, and the case is accordingly set for that purpose, viz. on Monday, December 17, 1900.

On January 4, 1901, the court rendered the following decision:

LEWIS, J.

The former opinion in this case was written upon the theory that appellant was authorized by Sp. Laws 1881, c. 118, to construct a road to New Ulm, in this state, and to exercise the rights of eminent

domain in reference thereto, but that the extension from New Ulm was not authorized by such act unless the company had complied with the provisions of G. S. 1894, § 2749.

Upon a reargument our attention has been called more particularly to the provisions of the various special acts under which the company was organized, and wherein its powers and rights are defined; and, from an examination thereof, we have become satisfied that we were in error in assuming that the extension in question was not authorized by such acts independently of the provisions of G. S. 1894, c. 34. It is plain that section 2749, supra, can have no application to the construction of railroads, otherwise clothed with authority, but not incorporated under and by virtue of G. S. 1894, c. 34. The answer of appellant company upon the order to show cause set forth the various special acts under which it was incorporated and granted the right of condemnation, and we find no evidence in the record to contradict the facts as stated.

Although the act of 1881 (Sp. Laws 1881, c. 118) did not define any special point of beginning and ending, the company were authorized to construct a branch or branches from any point on the line to the westerly state boundary, in a southwesterly direction. The line in question is a part of such a branch line. It commences at a point (Winthrop) on the line running from Hennepin county to the westerly boundary of the state, and it runs in a southwesterly direction, through New Ulm, to the Iowa state line. The special acts referred to are amendments to its original charter, wherein is expressed the right of condemnation for right of way. Since the company did not acquire the right of eminent domain under the general law, but possessed that right independently, it is not within the provisions of section 2749.

For these reasons the former decision is revoked, the order of the trial court reversed, and the cause remanded for further proceedings.