W. A. MANDA, INCORPORATED, PROSECUTOR, v. THE CITY
OF ORANGE AND ARTHUR HORTON, THE CLERK OF
THE COUNTY OF ESSEX.

Submitted February 19, 1907—Decided June 10, 1907.

1. In proceedings by a city to condemn the right to lay down water
   pipes in and upon lands of the citizen under the act approved
   April 21st, 1876 (*Pamph. L., p.* 366; *Gen. Stat., p.* 646), and
   the supplement thereto approved March 13th, 1883 (*Pamph. L.,
   p.* 98; *Gen. Stat., p.* 652), it is essential to the validity of the
   proceedings that the act of April 21st, 1876, should have been
   adopted by the city.
2. Statutes conferring the power of condemnation under the right of
   eminent domain are strictly construed. Every provision of the
   statute must be strictly complied with, and such compliance must
   affirmatively appear on the face of the proceedings.

On *certiorari.*

Before Justices GARRISON, SWAYZE and TRENCHARD.

For the prosecutor, *Cowles & Carey.*

For the defendants, *William A. Lord.*

The opinion of the court was delivered by

TRENCHARD, J. This writ of *certiorari* brings up for review
an order made December 8th, 1906, on the application of the
city of Orange, appointing commissioners in condemnation
proceedings to appraise certain rights in lands of the prose-
cutor located at South Orange, New Jersey, and the petition
and all other proceedings therein.

The prosecutor insists that the order and proceedings are
illegal and void, because, among other reasons, the petition
upon which the order appointing commissioners was made
was insufficient to warrant the appointment of commissioners.

In its petition the city alleges that under and by virtue of
the provisions of an act entitled "An act to enable cities to

supply the inhabitants thereof with pure and wholesome water," approved April 21st, 1876 (*Pamph. L., p.* 366; *Gen. Stat., p.* 646), and of a supplement thereto entitled "A further supplement to the act entitled 'An act to enable cities to supply the inhabitants thereof with pure and wholesome water,' approved April twenty-first, anno domini one thousand eight hundred and seventy-six," approved March 13th, 1883 (*Pamph. L., p.* 98; *Gen. Stat., p.* 652), and of an act entitled "An act to regulate the ascertainment and payment of compensation for property condemned or taken for public use," approved March 20th, 1900 (*Pamph. L., p.* 79), the city of Orange has "determined to acquire the right and privilege to lay down, repair, replace and forever maintain water pipe or pipes in, over, through and across land" of the prosecutor.

The act of April 21st, 1876, authorizes cities of this state to provide their inhabitants with water by the methods therein prescribed, but expressly provides in section 16 thereof that "its provisions shall remain inoperative in any city in this state until assented to by a majority of the legal electors thereof" voting upon the question at an election held and conducted in the method prescribed by the act.

The supplement of March 13th, 1883, is the statutory provision which authorizes the acquisition by condemnation of the right to lay down water pipes, but its operation is likewise limited to those cities "which may have adopted or shall adopt the provisions of said act (of April 21st, 1876) by the assent of a majority of the legal voters thereof voting at an election held or to be held in said city."

Under these statutory provisions it is essential to the validity of the proceedings under review that the act of April 21st, 1876, by virtue of which the city claims the right to condemn, should have been adopted by the city.

The petition in question fails to allege the adoption of the act, and there remains only to be considered the consequence of that failure.

The city, by authority purely statutory, seeks to take the property of the prosecutor against his will, and at a price to

be determined by others. The state has granted this right to certain municipalities only, and that upon the express condition of the adoption of the provisions of the act by which the authority is granted. The municipality seeking to avail itself of this statutory right must present its petition to a justice of the Supreme Court, and in its petition the ground of its right to have commissioners appointed must appear. That is the object of the petition. It is the basis of the jurisdiction of the justice to act, and being jurisdictional in character and in a statutory proceeding, everything essential to the right sought to be exercised must affirmatively appear. The court will not indulge in any presumptions in aid of jurisdiction.

In *Vreeland* v. *Jersey City*, 25 *Vroom* 49, this court said: "Statutes conferring the power of condemnation under the right of eminent domain are strictly construed. Every condition prescribed by the legislature in the grant must be complied with, and the proceedings to condemn must be conducted in the manner and with the formalities prescribed in the grant of power. Formalities and modes of procedure prescribed are the essence of the grant, which the courts cannot disregard on a conception that they are not essential."

In *Hampton* v. *Clinton*, 36 *Vroom* 158, the above rule was cited and applied, and the defendant having failed, until after condemnation proceedings were instituted, to annex to and file with its certificate of incorporation a consent prescribed by statute, it was held that the appointment of commissioners was illegal, although such consent was filed after the proceedings were commenced.

In *Loucheim* v. *Hemsley*, 30 *Vroom* 149, commissioners had been appointed by the mayor of Atlantic City to construct a city hall. These commissioners sought to condemn lands of the prosecutor, who brought to this court for review by *certiorari* the appointment of the commissioners and their proceedings in condemnation. The statute under which the commissioners were appointed required that they should be residents of the city and of different political parties. Neither their appointment nor the proceedings under review disclosed these facts affirmatively, and the omission was held fatal.

The court said: "A special authority delegated by statute to particular persons to take away a man's property and estate against his will, must be strictly pursued, and must appear to have been so pursued on the face of the proceedings in which the authority is exercised."

In the case at bar it is contended that the adoption of the act is sufficiently made to appear in the petition by citing the title of the act and the allegation that "under and by virtue of the provisions of the act   *   *   *   the city of Orange has determined to acquire the right and privilege," &c., but this contention cannot prevail. That language falls far short of alleging the adoption of the act in the manner prescribed in the act itself. The most favorable deduction to be drawn from it in favor of the defendants is the possible inference that the city may have adopted the act, as otherwise it would not be likely to attempt to proceed under it. But in a case of this kind jurisdiction is not to be based on inference, but the facts must be alleged. Every allegation in the petition may be absolutely true, and yet the act may never have been adopted and the city may be utterly without authority to condemn. The prosecutor questions, not that the city has determined to do something, but its right to reach that determination and put it into effect. The case of *In re Montgomery et al.,* 48 *Fed. Rep.* 896, is in point. That was a proceeding brought on behalf of the United States government in the United States District Court for the District of New Jersey to condemn lands. The proceeding was based upon a statute of the United States, which provided that any officer of the government authorized to procure real estate for public uses was "authorized to acquire the same for the United States by condemnation under judicial process, whenever, in his opinion, it is necessary or advantageous to the government to do so." The petition alleged that "the secretary of war had requested the attorney-general of the United States to commence these proceedings in condemnation according to the acts in such case made and provided." The sufficiency of the petition was challenged on the ground, among others, that it "fails to show that, in the opinion of the secretary of

war, it is necessary or advantageous to the United States that the land in question should be acquired under judicial process." In support of the petition it was argued that the allegation that the secretary of war had requested the attorney-general to commence the proceedings would carry with it the presumption that he was of the opinion that it was both necessary and advantageous to the United States to acquire the lands. The court said: "This argument is plausible, but unsound. It is a well-settled principle that when the exercise of a special authority, delegated by statute to a particular person or to a special tribunal, is dependent upon conditions precedent, all preliminaries which show fulfillment of such conditions, and which confer upon such person or tribunal power to act, must clearly appear upon the face of the proceedings. The proper practice is to state affirmatively and with certainty all facts upon which, in such case, jurisdiction depends. Intendment and presumption should not be resorted to for the justification of any judicial proceedings in derogation of private rights."

The case of *In re City of Buffalo,* 78 *N. Y.* 362, is one in which the city voted to acquire certain property by condemnation proceedings. The act under which the proceedings were taken provided that the right of condemnation should be exercised only upon certain conditions, among which were the passage of a resolution by a two-thirds vote, showing the determination to take the land. The court said: "Before the city can take lands for a street these resolutions must have been passed, and the last one with the prescribed vote, for it is a familiar principle that, when the sovereign delegates the power to take the property of the citizen, all the prerequisites to the exercise of that power that have been prescribed must be strictly observed and conformed to. The need is upon the city, before it can take the lands, to be able to show that these requirements have been met. For the basis of the power of the city to act is the concurring judgment of two-thirds of the members of the common council that there is a necessity for the taking, without which action of the city to take lands is wholly unauthorized and illegal. Nor may it be presumed,

as the appellants claim. In such case as this the presumption that official duty has been done cannot be made."

In the present case the city contends that it is relieved of the necessity of showing the adoption of the act conferring power by section 2 of the act of March 20th, 1900. But an examination of that section plainly shows that such contention cannot prevail. That section does not purport to provide what shall be a sufficient petition. It merely provides that it shall contain certain matters. There certainly is no reason to suppose that by its enactment the legislature intended to thereby relieve the petitioner from presenting to the justice of the Supreme Court who is asked to make the order the jurisdictional facts in a petition under oath.

We conclude, therefore, that the rule of law is well settled, that statutes conferring the power of condemnation under the right of eminent domain are strictly construed. Every provision of the statute must be strictly complied with, and such compliance must affirmatively appear on the face of the proceedings.

When tested by that rule the proceedings under review are fatally defective.

Our conclusion on the point considered renders it unnecessary to consider the other reasons alleged for reversal.

The order of appointment and all subsequent proceedings will be set aside, with costs.