In the Matter of EDWARD B. GOULD, an Incompetent Person.

FREDERICK P. WARFIELD, Appellant; NORMAN J. GOULD, Petitioner, Respondent; C. FRANK HAMMOND, Committee of the Incompetent, Impleaded.

Fourth Department, November 23, 1938.

*Myron L. Steffen,* for the appellant.

*Philip Serling* [*Alfred L. Becker* of counsel], for the respondent.

*Joseph J. Doyle,* for the committee of the incompetent, impleaded.

TAYLOR, J. In 1931 the respondent on this appeal petitioned the County Court of Seneca county, pursuant to article 81 of the Civil Practice Act, for the appointment of a committee of the person

and property of an alleged incompetent person. Petitioner employed appellant, an attorney at law, as counsel to his attorneys of record. Following an adjudication of incompetency, a committee of the property of the incompetent was appointed and the amounts of the petitioner's disbursements, and of his expenses for legal services, were fixed and allowed. The reasonable value of legal services which were rendered by appellant and his associates as counsel to petitioner's attorneys of record, together with disbursements, was determined by the court to be the sum of $2,297.08. The final order in the incompetency proceeding, among other things, recited that this sum was an expense which the petitioner had incurred but had not paid, and directed that the committee pay this sum to appellant and his associates. Respondent, on February 3, 1938, and before payment of this sum or any part thereof by the committee, applied to the Seneca County Court for an order directing that the original order be amended to provide that the committee pay this sum to him, on the ground that the recital in the original order — that the counsel fees and disbursements of appellant and his associates had not been paid — was therein inserted through error and inadvertence and that, in truth and in fact, these expenses had theretofore been paid by him. Due notice of the application was given to all interested parties and, thereafter, affidavits were submitted to the court in support of, and in opposition to, the granting of the proposed amendment. The court determined the matter upon the submitted affidavits and granted an order amending its original order by providing that the allowance for counsel fees and disbursements be paid to petitioner, instead of to his counsel.

Appellant seeks reversal of the order on the grounds (1) that the court was without power in the premises; (2) that the matter should not have been determined upon affidavits; (3) that respondent was guilty of laches, and (4) that the original order contained no error.

On the question of power, appellant contends that the final order judicially determined that his fees had not been paid by respondent. Appellant argues that because the court — when it directed that counsel fees be paid to counsel — had before it an affidavit containing the averment that the counsel fees had not been paid, it made a judicial determination in respect to a question of fact, which determination could not be altered or corrected upon motion. There might be force to this argument if the question of payment had been an issue or had been litigated before the court but such was not the case. The affidavit, referred to, was made by counsel associated with appellant and not by petitioner or one of his attor-

neys of record. While the court was required to fix the reasonable amount of petitioner's expenses for legal services (Civ. Prac. Act, § 1373), it was not charged with the duty of determining whether such expenses had been paid; its direction that payment be made to counsel related to the form and not to the substance of its order. Whether the statement in this affidavit was properly binding upon respondent was the question before the court on respondent's motion to amend the original order and the court determined, upon ample proof, that the statement — that the fees had not been paid — was incorrect. That the court had power to amend its original order so that it should state the truth cannot be questioned.

The courts are given broad discretionary powers to correct mistakes in their proceedings. (Civ. Prac. Act, § 105.) The rule is well established that " Courts have always control over their own proceedings, and where there is not express prohibition, may deal with them so that what is right and just may be reached." (*Matter of City of Buffalo*, 78 N. Y. 362, 370. See, also, *Mingay* v. *Lackey*, 142 id. 449, 455; *Matter of Henderson*, 157 id. 423, 426.) While decisions on the merits may not be altered or mistakes of law corrected upon motion, clerical errors and inadvertent mistakes of fact may be thus corrected (*Matter of Putnam*, 220 App. Div. 34), and this power may be exercised after one year, notwithstanding the provisions of section 108 of the Civil Practice Act. (*Clark* v. *Scovill*, 198 N. Y. 279, 286; *Matter of Marsh*, 242 App. Div. 290.)

The record does not disclose that any substantial right of appellant has been at all prejudiced by the order appealed from and it does not appear that the court exceeded its discretionary powers in the matter. In our opinion, it was within the province of the court to amend its order when convinced that the affidavit, upon which it had acted, was factually incorrect.

Appellant contends that the matter should not have been determined upon affidavits. The record discloses that appellant was afforded ample opportunity to present his proofs and it appears, without contradiction, that appellant's attorney stipulated in open court that the matter be determined upon affidavits.

The questions which remain — whether on the facts the court correctly decided the motion and whether respondent was guilty of laches — require no discussion. It is sufficient to say that the record discloses proofs which amply support the court's exercise of its discretion in directing that its original order be amended so as to provide for payment to respondent of his counsel fees and disbursements. In view, however, of the controversy that appears to have arisen between appellant and respondent in respect to

fees for legal services in this and other matters, the order appealed from should be modified by adding thereto the provision that the therein directed amendment to the original order is without prejudice to the appellant in any other action or proceeding involving his claims for legal services against the respondent and, as so modified, should be affirmed, without costs.

All concur. Present — SEARS, P. J., CROSBY, LEWIS, TAYLOR and DOWLING, JJ.

Order modified in accordance with the opinion and as modified affirmed, without costs of this appeal to either party.