THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RUDOLPH ATLAS, True Name RUDOLPH R. ATLAS, Appellant.— Judgment of the County Court of Kings County convicting defendant of the crime of grand larceny in the second degree, and order denying his motion to set aside the verdict and for a new trial, unanimously affirmed. No opinion. Present — Close, P. J., Hagarty, Johnston, Adel and Aldrich, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LOUIS LEVENTHAL, Appellant.— Judgment of the County Court of Kings County, convicting the defendant of the crime of abortion and sentencing him to imprisonment in the State prison at Sing Sing for an indeterminate term of one and a half years to three years, unanimously affirmed. No opinion. Present — Close, P. J., Hagarty, Johnston, Adel and Lewis, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. ISAAC BERMAN, Respondent, against THOMAS McDONNELL, Warden of City Prison at Raymond and Willoughby Streets, Borough of Brooklyn, Appellant.— The Warden of the City Prison at Raymond Street, Borough of Brooklyn, appearing by the Corporation Counsel of the City of New York, appeals from an order sustaining a writ of habeas corpus sued out by a prisoner in the charge of said warden; and from an order denying a motion to vacate the order sustaining the writ and to remand the prisoner. The District Attorney of Kings County appears and moves that the appeals be dismissed on the ground that the appellant is not an aggrieved party and has no right to appeal. Appeals dismissed, without costs. Under the circumstances here presented, only the People, represented either by the Attorney-General or the District Attorney, may appeal. (Civ. Prac. Act, §§ 1274, 1275; *Matter of Quinn,* 2 App. Div. 103; *People ex rel. Graves* v. *Davis,* 33 App. Div. 636; *People ex rel. Friedman* v. *Kaiser,* 228 App. Div. 863.) Close, P. J., Hagarty, Johnston, Adel and Lewis, JJ., concur.

ISABEL SCHOENBERG, Appellant, v. IRVING SCHOENBERG, Respondent.— Plaintiff appeals from an order made on May 3, 1945, amending an order dated August 16, 1944, insofar as it strikes out a provision contained in the original order. Order insofar as appealed from affirmed, with $10 costs and disbursements. The portion of the original order which was excised by the amended order had the effect of denying that part of defendant's motion to modify the decree of divorce which sought to prohibit plaintiff from changing the name of the children of the marriage of the parties. The amendment corrects a mistake, as the court had not intended to make any adjudication with respect to this part of the relief for which defendant applied. The court had power to correct this error to make the order conform to the determination intended. (Civ. Prac. Act, §§ 105, 108; *Matter of Gould,* 255 App. Div. 433; *Traub* v. *Arrow Manufacturing Corporation,* 207 App. Div. 292, 294.) There is nothing in this record which impels a determination by this court, in the absence of any determination at Special Term, that these children of tender years should bear the name of the second husband of plaintiff rather than that of their father. Close, P. J., Hagarty, Johnston, Adel and Lewis, JJ., concur.

MILTON SOLOMON, Appellant, v. FIORELLO H. LA GUARDIA et al., Respondents. — In an action to recover damages for alleged libel, slander and malicious prosecution, order denying plaintiff's motion for a direction that the trial of the issues of fact be had by a special jury affirmed, with $10 costs and disbursements. No opinion. Close, P. J., Hagarty, Johnston, Adel and Lewis, JJ., concur.