In the Matter of ANGELO RESTIVO, Petitioner, against JAMES P. DEGNAN, Individually and as Police Justice of the City of Lockport, Respondent.

Supreme Court, Special Term, Niagara County, March 13, 1948.

*Kronenberg & Mills* for petitioner.

*James P. Degnan,* respondent in person.

HALPERN, J. The petition, as originally filed herein, sought an order in the nature of prohibition to restrain the Police Justice of the City of Lockport from issuing a summons directed to a prospective defendant and from issuing subpoenas for the examination of witnesses in a proceeding now pending in the Police Court upon an information filed by the petitioner. Subsequently, by an amendment of the petition to which reference will be made later, the prayer for relief was expanded.

The petition alleges that the petitioner filed an information on February 25, 1948, with the Police Justice wherein he accused one Edward Hunt and James Surdoval of committing the crime of assault in the third degree upon him on February 23, 1948,

in the city of Lockport. The petition further alleges that the Police Justice informed the petitioner's attorney that he would not issue a warrant against either of the said defendants until he had issued a summons and inquired into the matter and that he intended to examine various witnesses before deciding whether to issue a warrant.

The petitioner points out that the information is explicit in its allegations and that it is based upon direct evidence by the alleged victim of the assault and that it unequivocally identifies the prospective defendants as the assailants. The petitioner contends that upon the presentation of such an information the Police Justice must determine upon the face of the information whether to issue a warrant or not and that he may not make any preliminary inquiry to determine whether to issue a warrant.

I can find neither statutory nor judicial authority for this contention. Section 150 of the Code of Criminal Procedure expressly authorizes a magistrate, before whom an information is laid, to issue a summons, in his discretion, instead of a warrant and upon the return of the summons to "inquire and investigate into the subject-matter of the complaint in the same manner as if defendant were brought before the magistrate upon a warrant of arrest." In connection with such investigation, the magistrate may subpœna witnesses (Code Crim. Pro., § 608) and he may examine the witnesses under oath and take their depositions in writing (Code Crim. Pro., § 148). If the magistrate is satisfied "from such depositions that the crime complained of has been committed, and that there is reasonable ground to believe that the defendant has committed it" he is to issue a warrant of arrest (Code Crim. Pro., § 150).

It will be noted that while the information initiates the proceeding, the determination of whether a warrant should be issued must be based upon evidence contained in the depositions of persons who have knowledge of the facts. The affidavit filed by the complainant may itself contain evidence justifying the issuance of a warrant and, in such a case, the affidavit serves the function of both an information and a deposition (*Matter of Bennett*, 258 App. Div. 368). However, there is no basis in the statute for confining the magistrate's inquiry to the single deposition furnished to him by the complainant. Under the statute he must examine under oath any witness produced by the complainant (Code Crim. Pro., § 148) and he may examine such additional witnesses as he may deem necessary or desirable to aid him in his determination (Code Crim. Pro., §§ 150, 608).

The information laid by the complainant in this case would undoubtedly be sufficient of itself to sustain a warrant if a warrant were issued thereon but whether the warrant should be issued or whether additional evidence should first be sought rests solely within the discretion of the magistrate. It is his mind which must be satisfied and the choice of procedure is to be made by him.

The petitioner concedes that at least as to one of the defendants, the proposed issuance of a summons in lieu of a warrant, in the first instance, is entirely proper. As to the other defendant, it is claimed that a summons is not proper because he is not a resident of the city of Lockport and section 150 limits the use of the summons procedure to cases in which the person charged is a resident of the city or town where the information is laid. It seems to me that this limitation is one of concern only to the prospective defendant and that he alone may raise objection to the issuance of a summons directed to him. As a matter of fact, it appears from the answer herein that the prospective defendants have indicated their willingness to appear before the magistrate without any process and the question of the territorial limitation upon the use of a summons is, therefore, academic.

The same points may be made with respect to the issuance of subpoenas to be served upon prospective witnesses. So far as appears from the papers, the witnesses whom the Justice desires to examine may appear voluntarily and no question would arise in that event of the power of the Justice to issue subpoenas. If subpoenas are issued their validity can be questioned only by the persons upon whom they are served. The petitioner has no standing to object to the issuance of subpœnas.

Prohibition is an extraordinary remedy. It lies only in a case in which a judicial officer is proceeding or is about to proceed in excess of his jurisdiction in a manner adversely affecting the person seeking the prohibition order. Concededly, the information is sufficient to vest jurisdiction over the criminal proceeding in the Police Justice. He is proceeding in a manner authorized by statute. I have therefore concluded that an order in the nature of prohibition may not be issued in this proceeding.

After the argument and submission of the proceeding upon the original petition and answer, the petitioner amended the petition so as to seek relief in the nature of mandamus to compel the Police Justice to surrender for execution certain warrants which were alleged to have been issued by the Police Justice and then recalled and retained by him. It appears that

on February 26, 1948, warrants were signed by the Police Justice upon the information laid by the complainant and were delivered to the police for execution. However, shortly thereafter on the same day they were recalled by the Police Justice and are now being held by him. In his affidavit filed in response to the new allegations, the Police Justice explains that the warrants were signed and issued by him by mistake or inadvertence " under the impression that the warrants given to him to be signed related to another matter then pending in Police Court ", and that he recalled the warrants as soon as he discovered the error. Furthermore, it appears that on February 26th when the warrants were issued the jurat upon the information filed by the complainant was blank. The information was therefore not a complete affidavit upon which a warrant could be issued (*Rockwell* v. *City of Syracuse,* 257 App. Div. 92, affd. 282 N. Y. 17; *People ex rel. Livingston* v. *Wyatt,* 186 N. Y. 383). On the following day, February 27th, the complainant appeared before the Police Justice and swore to the information before him and the Justice then informed the complainant that he would not issue a warrant upon the information until he had issued summonses and inquired into the matter.

The allegations of the Police Justice with respect to the circumstances under which the warrants had been issued are not controverted by any affidavit or reply on the part of the complainant and they must therefore be deemed admitted (Civ. Prac. Act, § 1292; *Moreland* v. *Areson,* 22 N. Y. S. 2d 309). Accepting these allegations as true, there cannot be any doubt as to the power of the Police Justice to recall the warrants and to cancel them (*Matter of Gould,* 255 App. Div. 433; *Schoenberg* v. *Schoenberg,* 269 App. Div. 864, affd. 296 N. Y. 583).

It is the settled law and it is conceded by the petitioner's attorneys that generally a mandamus proceeding will not lie to compel a magistrate to issue a warrant (*People ex rel. Lindgren* v. *McGuire,* 151 App. Div. 413). This court has no power to compel the Police Justice to issue a warrant, no matter how clear the case may seem to the court. As has been pointed out above, the statute vests sole discretion in the magistrate before whom the information is laid to determine whether there is reasonable cause for the issuance of a warrant. The Police Justice asserts that he has not yet made up his mind as to whether reasonable cause exists for the issuance of a warrant in this case and that a further inquiry is necessary in order to enable him to do so. The conducting of such an inquiry is within the prerogative of the Police Justice.

The proceeding must, therefore, be dismissed.