■ ERNESTO DI PROSPERO et al., Respondents, v FORD MOTOR COMPANY, Appellant, and R. BROWN & SONS, INC., Respondent. — Appeal from that part of an order of the Supreme Court at Special Term (Viscardi, J.), entered October 6, 1983 in Schenectady County, which vacated that portion of a prior order of said court dismissing the cross claim of defendant R. Brown & Sons, Inc., against defendant Ford Motor Company.

Plaintiffs served a complaint in October, 1972 for damages they incurred in a motor vehicle accident, allegedly caused by a defective automobile they had purchased from defendant R. Brown & Sons, Inc. (Brown) and which was manufactured by defendant Ford Motor Company (Ford). The causes of action set forth in the complaint sounded in breach of warranty against both defendants. Brown subsequently cross-claimed against Ford. By notice of motion dated August 30, 1982, Ford moved for summary judgment on the ground that plaintiffs' breach of warranty suit against it was untenable due to the lack of privity between plaintiffs and Ford.

At calendar call on September 16, 1982, only plaintiffs opposed the motion and Special Term rendered an oral decision from the Bench, granting Ford's motion for summary judgment.

Several days later, an order was submitted, signed and entered which granted Ford summary judgment dismissing both plaintiffs' complaint and Brown's cross claim. Some two months later, Brown's counsel noticed for the first time that the cross claim was dismissed under the order, although Ford had not expressly sought that relief in its motion papers. By letter dated November 16, 1982 and then by formal motion, he requested the court to resettle the order and reinstate Brown's cross claim. Special Term acceded to this request, stating by letter dated November 24, 1982, which it addressed to all parties, that it had not been the court's intention to affect the status of Brown, particularly inasmuch as Ford's motion papers had sought no relief against Brown and the ground for dismissal of the complaint as against Ford was inapplicable to the cross claim. Accordingly, a resettled order granting Ford summary judgment only as to plaintiffs was entered October 6, 1983. This appeal by Ford ensued.

It is, of course, beyond dispute that a written order must conform strictly to the court's decision, and that when there is a conflict between the two, the decision controls and the order will be resettled accordingly (*Rowlee v Dietrich,* 88 AD2d 751, 752; Siegel, NY Prac, § 250, p 308). On this appeal, however, Ford presents two arguments to support its contention that the resettled order should not have been granted. First, it contends that Special Term's oral decision and the original order did not conflict. Ford maintains that at oral argument, its counsel requested that *all* claims against Ford be dropped and that Special Term agreed, without opposition from Brown's counsel. However, Special Term has expressly held that dismissal of the cross claim was not intended by it, and its understanding of what was decided is supported by the absence in Ford's motion papers of any direct request for dismissal of the cross claim or the recital of any grounds for such dismissal. Undoubtedly, the discrepancy between the court's decision and the original order represented a good-faith misunderstanding over what relief was sought and granted. Special Term nevertheless had the power, after motion on notice, to correct the mistake and to vacate the portion of the order not intended by its decision, even though the correction was as to a matter of substance (Siegel, NY Prac, § 420, p 557; see, also, *Schoenberg v Schoenberg,* 269 App Div 864, affd 296 NY 583). There having been no showing of prejudice to any intervening right of Ford to which it was properly entitled, the power of the court thus to correct the error was not affected by Brown's two-month delay in seeking that relief (*Matter of Gould,* 255 App Div 433, 435; see, also, *Schoenberg v Schoenberg, supra*).

Order affirmed, with costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.