■ EDWARD SOLOMON et al., Plaintiffs, v CITY OF NEW YORK, Defendant and Third-Party Plaintiff-Respondent, et al., Defendants. LA CROSSE CONSTRUCTION CORP., Third-Party Defendant-Appellant, et al., Third-Party Defendants. (And Two Other Actions.)—In consolidated negligence actions to recover damages for personal injuries, the third-party defendant La Crosse Construction Corp. (hereinafter La Crosse) appeals, as limited by its brief, from so much of an amended resettled judgment of the Supreme Court, Kings County (Vaccaro, J.), dated November 20, 1985, following a prior appeal to this court *(Solomon v City of New York,* 111 AD2d 383), as, upon a jury verdict apportioning fault in the happening of the subject accident at 65% on its part and 35% on the part of the defendant City of New York (hereinafter the City), and upon the City's motion to resettle, awarded the City judgment against La Crosse in the form of contribution in the amount of the excess paid by the City over and above its equitable share

of 35% of the judgment awarded to the plaintiffs Edward Solomon and Doyle W. Manley.

Ordered that the amended resettled judgment dated November 20, 1985, is reversed insofar as appealed from, on the law, and the amended judgment in this action, dated June 26, 1985, is reinstated, with costs.

Although a court has the power to cure a mistake, defect or irregularity in a judgment (see, CPLR 5019 [a]), and may even correct matters of substance where the record offers irrefutable support for such a correction (see, Stormville Mountain Homes v Zurhorst, 35 AD2d 562; see also, Di Prospero v Ford Motor Co., 105 AD2d 479; Siegel, NY Prac § 420, at 557), a court may not amend a judgment if the amendment prejudices a substantial right of a party (see, Di Prospero v Ford Motor Co., supra; Matter of Gould, 255 App Div 433, 434).

Here, the trial court erred in granting the City's motion to resettle the amended judgment after appeal, dated June 26, 1985, so as to reflect its award of contribution in favor of the City and against La Crosse. Although this contribution award itself clearly finds irrefutable support in the record, based upon the jury's apportionment of fault for the happening of the accident between the City and La Crosse, La Crosse was greatly prejudiced by the resettlement of the amended judgment, which was made after its appeal to this court had already been heard and decided. On that appeal, this court, in light of its determination that the City was not entitled to contractual indemnification from La Crosse, did not reach La Crosse's claims regarding the fairness of the trial. By only giving effect to the contribution award subsequent to that appeal, the trial court effectively denied La Crosse the opportunity to have its fair trial claims addressed by this court. Mangano, J. P., Bracken, Weinstein and Kooper, JJ., concur.