■ BOARD OF MANAGERS OF SEA BREEZE II CONDOMINIUM, Respondent, v JOYCE KWIECINSKI, Appellant. [898 NYS2d 461]—

In an action, inter alia, to recover unpaid common charges and related fees, the defendant appeals from a judgment of the Supreme Court, Nassau County (Feinman, J.), entered October 23, 2008, which, upon an order of the same court entered August 6, 2008, among other things, denying her motion to set aside a stipulation of settlement dated March 31, 2008, and granting the plaintiff's cross motion to enforce the stipulation of settlement, and upon an order of the same court entered September 19, 2008, granting the plaintiff's motion to vacate the provision in the order entered August 6, 2008, sua sponte, directing the entry of a judgment in favor of her and against the plaintiff in the principal sum of $10,000 and thereupon directing the entry of a judgment in favor of the plaintiff and against her in the principal sum of $10,000, is in favor of the plaintiff and against her in the principal sum of $10,000.

Ordered that the judgment is affirmed, with costs.

Pursuant to CPLR 5019 (a), a court has discretion to cure mistakes, defects, and irregularities that do not affect substantial rights of parties or to amend an order or judgment "to make it reflect what the court's holding . . . clearly intended" (*Matter of Owens v Stuart*, 292 AD2d 677, 678 [2002]; *see Halloran v Virginia Chems.*, 41 NY2d 386, 394 [1977]; *Crain v Crain*, 109 AD2d 1094 [1985]; *Di Prospero v Ford Motor Co.*, 105 AD2d 479, 480 [1984]; *Schoenberg v Schoenberg*, 269 App Div 864 [1945]). Contrary to the defendant's contention, the Supreme Court properly granted the plaintiff's motion to correct the order entered August 6, 2008, which erroneously contained language stating that "the defendant's cross motion is granted," to reflect its clearly intended determination to grant the plaintiff's cross motion for such relief.

The defendant's remaining contentions are without merit. Covello, J.P., Miller, Leventhal and Chambers, JJ., concur.

Motion by the respondent on an appeal from a judgment of the Supreme Court, Nassau County, entered October 23, 2008, pursuant to 22 NYCRR part 130 to impose a sanction upon the appellant and for an award of costs and an attorney's fee in the sum of $7,500 on the ground that the appeal is frivolous. By decision and order on motion of this Court dated September 9, 2009, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeal, it is,

Ordered that the motion is granted to the extent of directing that, within 20 days after service upon her of a copy of this decision and order, the appellant shall pay the attorneys for the respondent, Board of Managers of Sea Breeze II Condominium, the sum of $3,000 as an attorney's fee for pursuing a frivolous appeal.

Here, the parties entered into a stipulation of settlement on March 31, 2008, pursuant to which the defendant agreed to pay the plaintiff the sum of $10,000 in full settlement of all claims arising from the instant dispute. The defendant moved to set aside the stipulation of settlement, and the plaintiff cross-moved to enforce it. In an order entered August 6, 2008, the Supreme Court denied the defendant's motion, granted the plaintiff's cross motion, and, sua sponte, directed the entry of judgment in the principal sum of $10,000. However, that order contained a typographical or transcription error and, thus, instead of directing that judgment be entered in favor of the plaintiff and against the defendant in that sum, directed that judgment be entered in favor of the defendant and against the plaintiff in that sum. The plaintiff thereafter moved to vacate the provision in the order entered August 6, 2008, directing entry of a judgment in favor of the plaintiff. In an order entered September 19, 2008, the Supreme Court granted the plaintiff's motion, and thereupon directed the entry of a judgment in favor of the plaintiff and against the defendant in the principal sum of $10,000. Judgment was entered upon the orders in favor of the plaintiff and against the defendant in the principal sum of $10,000.

Despite stipulating to settle the underlying dispute, and notwithstanding her understanding that the order entered August 6, 2008, clearly contained a typographical or transcription error that was properly corrected to reflect the intention of the Supreme Court, the defendant chose to prosecute an appeal from the judgment entered against her. Under these circum-

stances, the appeal was frivolous (*see* 22 NYCRR 130-1.1 [c] [1], [2]).

Upon our consideration of the amount of time it took for the plaintiff's attorney to prepare, serve, and file a respondent's brief, and to appear for oral argument, we conclude that an award of an attorney's fee in favor of the plaintiff and against the defendant in the sum of $3,000 is warranted. Covello, J.P., Miller, Leventhal and Chambers, JJ., concur.