In the Matter of the Application of LEO LOWEY and MAX HOROWITZ, Copartners in and Doing Business under the Firm Name of LOWEY & HOROWITZ, Appellants, for a Peremptory Writ of Mandamus, to Compel HERBERT S. SISSON, as State Commissioner of Excise of the State of New York, and JOHN CONNOR, as County Treasurer of the County of Columbia, Respondents, to Issue a Liquor Tax Certificate to LOWEY & HOROWITZ, at the Premises Known as the Chatham House, in the Village of Chatham, Town of Ghent, Columbia County, New York.

Third Department, November 13, 1918.

Intoxicating liquors — local option election — denial of resubmission of question — denial of application for liquor tax certificate — no remedy by mandamus to compel issuance.

Subsequent to a local option election, petitioners applied to the Supreme Court for a resubmission of the local option questions, which application was denied, and no appeal was taken. Thereupon they made application to the county treasurer for a liquor tax certificate which was refused on the ground of the result of the former local option election. A peremptory writ of mandamus was then sought to compel the treasurer to disregard the certified copy of the statements as to the local option election, which was denied. *Held*, that petitioners were barred by their prior application and that their remedy was by appeal from that order.

An order denying resubmission of local option questions is conclusive until revoked or modified.

APPEAL by the petitioners, Leo Lowey and another, from an order of the Supreme Court, made at the Schoharie Special Term and entered in the office of the clerk of the county of Columbia on the 19th day of August, 1918, denying the petition herein.

*J. Rider Cady,* for the appellants.

*Harry D. Sanders [Julien Scott* of counsel], for the respondents.

LYON, J.:

In October, 1917, a written petition in due form requesting the submission of the questions relating to local option was

filed with the town clerk of the town of Ghent, Columbia county, N. Y. Within five days thereafter the town clerk filed a certified copy thereof in the office of the county clerk of that county, and caused notice of such submission to be printed and posted. A similar notice was published. The election resulted in a majority of the votes being cast in favor of proposition No. 3, and against the other propositions. A certified copy of result of the vote was filed by the town clerk with the State Commissioner of Excise and with the treasurer of Columbia county.

Section 13 of the Liquor Tax Law provided in part as follows: " If for any reason except the failure to file any petition therefor, the four propositions provided to be submitted herein to the electors of a town shall not have been properly submitted at such biennial town meeting, such propositions shall be submitted at a special town meeting duly called. But a special town meeting shall only be called upon filing with the town clerk the petition aforesaid and an order of the Supreme or County Court, or a justice or judge thereof, respectively, which may be granted upon eight days' notice to the State Commissioner of Excise, sufficient reason being shown therefor." (Consol. Laws, chap. 34 [Laws of 1909, chap. 39], § 13, as amd. by Laws of 1910, chap. 485.)

On December 29, 1917, an application was made by Leo Lowey of the firm of Lowey & Horowitz to the Supreme Court for the resubmission of such local option questions. The court denied the application. No appeal was taken from said order. On June 28, 1918, Leo Lowey and Max Horowitz as copartners made application to the county treasurer of Columbia county for a liquor tax certificate for the term beginning October 1, 1918, and filed a certificate of deposit. The county treasurer refused to issue the certificate upon the ground of the result of the former local option election. Thereupon the said petitioners made this application for a peremptory writ of mandamus compelling said treasurer to disregard the certified copy of the statement as to the result of said election and to issue said certificate to the petitioners herein. The Special Term denied the application, and this appeal was thereupon taken.

" The rule is now too well established to be questioned that

a judgment is final and conclusive between the same parties or their privies, not only as to the matters actually determined, but as to every other matter which the parties might have litigated and had decided as incident to, or essentially connected with, the subject-matter of the litigation within the purview of the original action, either as matter of claim or defense." (*Earle* v. *Earle*, 173 N. Y. 487.)

I think the petitioners are barred by the prior application and that their remedy is by appeal from that order. The order then made is conclusive until revoked or modified.

The order appealed from must be affirmed.

Order unanimously affirmed, with costs.