In the Matter of the Application for the Appointment of a Committee of the Person and Property of LAVINIA CLARKSON, an Alleged Incompetent Person, Appellant.

EMILIE V. MOORE, Petitioner, Respondent.

Third Department, March 5, 1919.

Incompetent persons — establishment of prima facie case — when submission to jury directed — when prior proceeding res adjudicata — application of rule of res adjudicata — when petitioner will not be allowed to maintain new proceeding in another judicial district.

In proceedings to have a person declared incompetent, the establishment of a *prima facie* case does not necessarily require *per se* a trial by a jury of the questions of fact presented.

Section 2327 of the Code of Civil Procedure requires two things to appear to the satisfaction of the court before it directs a submission to the jury: *First*, that the person proceeded against is incompetent, and *second*, that a committee ought in the exercise of a *sound* discretion to be appointed.

In such a proceeding an order dismissing the petition in a prior proceeding in which a *prima facie* case was established is *res adjudicata*.

The rule of *res adjudicata* applies to all judicial determinations whether made in actions or special proceedings.

Where a petition to have a person declared incompetent has been dismissed and leave to renew the application denied, the petitioner, there being no claim of any change in the mental condition of the alleged incompetent, should not be permitted to maintain a proceeding in another county located in another judicial d strict, where the alleged incompetent formerly lived.

The petition in the present proceeding should also be dismissed upon the merits.

APPEAL by Lavinia Clarkson, an alleged incompetent person, from an order of the Supreme Court, made at the St. Lawrence Special Term and entered in the office of the clerk of the county of St. Lawrence on the 18th day of November, 1918, directing that a commission issue to inquire into her competency.

*DeWitt, Lockman & DeWitt [Thomas Spratt* and *F. L. Cubley* of counsel], for the appellant.

*Robert M. Moore,* for the respondent.

COCHRANE, J.:

This is an appeal from an order directing that a commission *de lunatico inquirendo* issue to inquire into the mental competency of the appellant, Lavinia Clarkson. The proceeding was instituted in St. Lawrence county by the presentation of the petition on August 24, 1918, the petitioner alleging that the appellant was a resident of that county. A similar petition was presented in March, 1918, in New York county by the same petitioner alleging that the appellant was a resident of that county. No change in residence occurred between the institution of the two proceedings. After a hearing in the New York proceeding it was dismissed on the petition and the accompanying proofs and on appeal the order of dismissal was affirmed by the Appellate Division May 24, 1918 (184 App. Div. 895). A motion was subse-

quently made to resettle the order of affirmance so as to contain this recital, viz.: " And the petitioner having failed to make out a *prima facie* case, leave is hereby granted to renew said application on the same and further proofs," which motion was denied. The record of the New York proceeding was made a part of the record in this proceeding and it appears therefrom that the decision in that proceeding was on the merits. A *prima facie* case was established, but from an examination of the conflicting affidavits it manifestly did not appear to the satisfaction of the court that the appellant was incompetent or if so that a committee ought in the exercise of a sound discretion to be appointed. The establishment of a *prima facie* case does not in these proceedings necessarily require *per se* a trial by a jury of the questions of fact presented. Section 2327 of the Code of Civil Procedure requires two things to appear to the satisfaction of the court before it directs a submission to a jury: *First*, that the person proceeded against is incompetent, and *second*, that a committee ought in the exercise of a sound discretion to be appointed. (*Matter of Burke*, 125 App. Div. 889; *Matter of Vail*, 137 id. 220; *Matter of Wells*, 177 id. 100.) Perhaps no occasion calls for greater caution or more discerning judgment on the part of a court than a determination of the question as to whether the sanity of a person should be submitted to a jury because even though the verdict of the jury may establish mental competency the charge of incompetency and investigation on that point publicly made if unfounded may work much wrong to the person proceeded against. That is why section 2327 makes it a matter not merely of discretion but of " sound " discretion as to whether a jury trial should be ordered. As stated in the *Burke Case* (*supra*): " It is by no means true that every case of mental weakness or impaired intellectual power will justify the court in exercising the power vested in its sound discretion." We make these observations for the purpose of emphasizing the nature of the issue which was before the New York court. An inspection of the record of the proceeding in that court indicates clearly that there existed a question of fact and that the determination in that proceeding was based on the existence of such a question.

Hence it follows that such proceeding became *res adjudicata* and is a bar to the present proceeding. The rule of *res adjudicata* applies to all judicial determinations whether made in actions or special proceedings. (*Demarest* v. *Darg*, 32 N. Y. 281; *Culross* v. *Gibbons*, 130 id. 447, 454; *Matter of Livingston*, 34 id. 555, 577; *White* v. *Coatsworth*, 6 id. 137; *People ex rel. Johnson* v. *Supervisors of Delaware County*, 45 id. 196; *Bank of Staten Island* v. *City of New York*, 68 App. Div. 231; affd., 174 N. Y. 519; *Matter of Lowey* v. *Sisson*, 184 App. Div. 741.) There is no claim of any change in the mental condition of the appellant intermediate the two proceedings. She is a woman seventy-six years old but there is no suggestion of senile dementia or of any mental or physical infirmity incidental to advanced age. On the contrary, the claim is in this proceeding as it was in the former, that incompetency has existed from her childhood. No alleged change in condition, therefore, can justify the second proceeding. It is probably true that the respondent in this proceeding produced stronger corroboration of the allegations of her petition than existed in the former proceeding. But a question of fact relating to exactly the same issues confronted the court in both proceedings. The rule is stated in 15 Ruling Case Law, " Judgments," § 429, as follows: " The inquiry must always be as to the point or question actually litigated and determined in the original action," and again in § 431 as follows: " But he [the plaintiff] cannot claim a right in that [second] action to have the precise question, theretofore decided against him, again determined by the court, unless a re-examination has been regularly ordered."

For another reason whatever discretionary power the court possesses should be exercised against the petitioner. Section 2323 of the Code of Civil Procedure requires that the proceeding shall be instituted in the judicial district where the alleged incompetent person resides. The appellant formerly resided in St. Lawrence county, but in the year 1909 her residence there was burned, since which time she has resided in New York city in a residence which she owns and where she is attended by servants and where her household is conducted. The petitioner herself alleges in her affidavit that the appellant " has not been there for the last eight years," meaning at

her place in St. Lawrence county. The petitioner is not at liberty arbitrarily to select the forum. Both she and the appellant are residents of New York county. An investigation, if one is to be had, can more conveniently and appropriately be made in that county. The petitioner in the former proceeding correctly alleged that the appellant was a resident of that county. Having been defeated in that proceeding and her request for leave to renew the application having been denied, it is unseemly that she should seek in the Fourth Judicial District the relief she failed to obtain in the First District. Whatever remedy the petitioner has should be pursued in the judicial district where the parties both reside and which the petitioner properly selected as the forum in her original proceeding.

My associates are also of the opinion that upon the merits a commission should not issue.

The order should be reversed, with ten dollars costs and disbursements, and the proceeding dismissed, with costs.

All concurred.

Order reversed, with ten dollars costs and disbursements, and proceeding dismissed, with costs.