In the Matter of LEWIS F. WILBER, an Alleged Incompetent Person.

County Court, Oswego County, March 5, 1925.

**Incompetent persons — petition for issuance of commission to inquire into alleged incompetency of husband of petitioner — personal idiosyncrasies peculiar to advanced age of alleged incompetent do not warrant issuance of commission.**

A commission to inquire into the competency of an alleged incompetent will not issue, notwithstanding the personal idiosyncrasies peculiar to the advanced age of the alleged incompetent, a Civil War veteran, as well as his disregard for conventions and social mannerisms, where the claim of incompetency seems to be predicated upon difficulties arising from the alleged incompetent's marriage to the petitioner at the age of eighty-two and the general irritation between the couple brought about by the presence of the petitioner's son, daughter and grandchild in the household, with the resulting discord and feeling between these parties.

PETITION for the issuance of a commission out of this court to inquire into the alleged incompetency of Lewis F. Wilber.

*Claude E. Guile*, for the petitioner.

*Piper & Pendergast*, for the alleged incompetent.

CULKIN, J.:

This proceeding was instituted by Elizabeth C. Wilber, wife of the alleged incompetent. Voluminous affidavits have been presented in support of the petition for the issuance of a commission, and in opposition thereto.

From these affidavits it appears that the alleged incompetent, Lewis F. Wilber, is eighty-three years of age and a resident of Fulton, Oswego county, N. Y.; that he is a veteran of the Civil War and receives a pension from the United States government of $50 per month; that the alleged incompetent and the petitioner were married in the month of June, 1924, the exact date not appearing in the papers; that the alleged incompetency of the said Lewis F. Wilber became apparent to the petitioner immediately after said marriage; that on or about the 25th day of August, 1924, the alleged incompetent made, executed and delivered to the petitioner a deed conveying to her an undivided one-half interest in a house and lot, 215 Park street, Fulton, N. Y., valued at $4,000. In this deed it is recited that the purpose of the deed is to create a tenancy by the entirety in the alleged incompetent and the petitioner; that said property is unincumbered. It further appears that since said marriage said premises have been occupied by Wilber and the petitioner, and also by the son, daughter and grandchild of the petitioner; that in addition to said property, the said Wilber has approximately $1,500 in one of the savings banks in the city of Fulton, and is in receipt of the pension of $50 per month as above stated.

The petition and affidavits presented by the petitioner contain allegations of various acts of incompetency by said Wilber, and the petitioner claims he is incompetent to manage himself and his affairs by reason of lack of mentality, capacity and understanding, arising from old age and senility. It is claimed by the petitioner that in the month of August, 1924, and thereafter Mr. Wilber was irrational in several particulars. It is claimed that he caused a fire and that he marred the piano with his heels; that he was personally uncleanly and that he complained about the presence of her children in the household to a degree that seemed to petitioner to be unwarranted and unreasonable, and that he otherwise did not conduct himself in a proper and conventional manner. These various allegations of the petitioner are supported by the daughter and son of the petitioner, both of whom have taken up their residence in the premises conveyed in the manner above

described to the petitioner by the alleged incompetent. Several neighbors have supplemented this proof by affidavits along similar lines. The affidavits are voluminous and seem rather to be an indictment of Wilber's conventionality and social mannerisms than an attack upon his mentality.

The alleged incompetent presents affidavits in reply, one from a practicing physician and surgeon of Fulton, N. Y., Dr. Everett E. Gladman. It appears from this affidavit that he has known Mr. Wilber for upwards of three years last past, and has treated him on various occasions for minor illnesses and that he never observed anything incompetent about him, and that in his opinion Wilber is entirely competent to handle himself, his business and his financial affairs. This observation was supplemented by an examination on the 7th day of January, 1925, with the same result, Dr. Gladman stating that the said Lewis F. Wilber is entirely competent to handle himself and his affairs and " that there developed at said examination no evidence of any incompetency." This affidavit is further supplemented by an affidavit of Anna Billings, a trained nurse, practicing her profession at the city of Fulton, N. Y., that she had the alleged incompetent under observation for five weeks immediately preceding this application, and that she has often talked with him, and that in her opinion he is entirely competent. Various other neighbors and the cashier of the Citizens' National Bank of Fulton, N. Y., one Howard A. Wilson, testify to Wilber's competency, based on his business contact with him at the bank and conversations had with him frequently.

The alleged incompetent was in court on the return day of the petition and the court observed him closely and questioned him briefly. He appears remarkably well preserved for a man of his years, is apparently cleanly in his person. He likewise appeared mentally alert although laboring under the handicap of extreme deafness which was the result of his service in the Civil War.

There can be no doubt that the marriage between these two elderly people was a marriage of convenience, based on a desire for mutual advantage. The petitioner saw an opportunity to obtain some property in return for her care of the alleged incompetent, and the alleged incompetent had visions of a comfortable environment with proper care and attention. This marriage has resulted as many such marriages do, in mutual disgust and contention. The petitioner is apparently a woman of strong character, and immediately after said marriage obtained a deed by the entirety from the alleged incompetent. Thereafter she installed in the household her son, daughter and grandson. They were

the ones whom she loved and their presence in the home apparently was a cause of irritation between these two elderly people. It is not difficult to visualize the situation there, with the resulting discord and separation of these parties.

The determination of the questions involved here calls for caution and care on the part of the court. Because this alleged incompetent is old and has developed the personal idiosyncrasies peculiar to age does not justify this court in exercising power outside of its sound discretion.

Sufficient grounds do not appear to project the alleged incompetent into a protracted and bitter trial. (*Matter of Clarkson*, 186 App. Div. 575, 577.) Nor should he be disturbed in his present environment where it appears he is treated with consideration and respect.

The petition for a commission to issue to determine the incompetency of the said Lewis F. Wilber is, therefore, denied.

Ordered accordingly. _____