■ In the Matter of the Appointment of a Committee of the Person and Property of ISIDORE ZIRT, an Alleged Incompetent Person, Appellant. LILLIAN POLLOCK, Respondent.— AULISI, J. Appeal from an order of the Supreme Court at Special Term, Sullivan County, which directed that the question of respondent-appellant's incompetency be tried by a jury and that he submit to a preliminary psychiatric examination. The controlling statute, section 101 of the Mental Hygiene Law, which became effective in 1963, in pertinent part provides: "(3) Contents of petition. The petition shall be verified and, insofar as can be ascertained with reasonable diligence, shall state facts showing incompetence; * * * (5) Trial on issue of incompetency. Unless the court decides, in the exercise of its discretion, that the proceeding should be dismissed, it shall order a trial by jury of the issue of competency." Prior to 1963, section 1364 of the Civil Practice Act provided that incompetency presumptively appear to the satisfaction of the court. The Advisory Committee on Practice and Procedure in its discussion and explanation of subdivisions 3 and 5 of section 101 does not indicate any intent to change the presumptive proof necessary (Fourth Preliminary Report of the Advisory Committee on Practice and Procedure [Jan. 2, 1960], pp. 419–420). Indeed, both parties here agree to this interpretation, as did Special Term. In Matter of Pasternack (23 A D 2d 551), decided after the effective date of section 101, the court held that petitioner had failed to meet the burden of said section to establish the facts showing incompetence, citing cases all of which used the presumptive satisfaction test. We agree that the presumptive test survives and as long ago stated by Mr. Justice COCHRANE in Matter of Clarkson "Perhaps no occasion calls for greater caution or more discerning judgment on the part of a court than a determination of the question as to whether the sanity of a person should be submitted to a jury because even though the verdict of the jury may establish mental competency the charge of incompetency and investigation on that point publicly made if unfounded may work much wrong to the person proceeded against." (186 App. Div. 575, 577, affd. 227 N. Y. 599). In our opinion the petitioner, who is respondent-appellant's daughter, has not met the requisite proof. Petitioner submitted affidavits of

herself, her husband, her attorney, two of her father's sisters, a long-time. guest at her father's lodge and a psychiatrist. She contends that these affidavits show her father to be unable to run the lodge and incapable of conversing, working or even dressing himself. This is denied by appellant, his son and another daughter. Many affidavits of third persons relate to Mr. Zirt's activities that he could never have undertaken if he is the incompetent his daughter contends. These include affidavits of the respondent, his personal physician, two psychiatrists, respondent's son, his daughter, his brother, his nephew, his Rabbi, tailor, plumber, banker, paint supplier, barber, hardware supplier, insurance man, two neighbors, two guests at his resort lodge, an employee, the president of a hotelman's association to which respondent belonged and his attorney. The conclusion we reach is most convincingly compelled after comparing the medical affidavits. Petitioner's expert asserts that appellant is incompetent without ever examining, testing or even seeing him. Nor, did said doctor even refer to appellant's hospital records. Rather, he based his conclusions on facts told him by petitioner and her husband. Expert testimony without personal knowledge is " the weakest and most unreliable kind of evidence in respect to the sanity or insanity of the person inquired about" (*Dobie* v. *Armstrong*, 27 App. Div. 520, 527, affd. 160 N. Y. 584). Of the affidavits submitted by appellant, three were made by medical experts — two psychiatrists and his personal physician. Each of these doctors personally examined Mr. Zirt and all three concluded that he is competent. We are obliged to reverse and dismiss. The order appointing a psychiatrist to examine the alleged incompetent falls with the dismissal of the petition (*Matter of Stolworthy*, 18 A D 2d 692). Order reversed, on the law and the facts, and petition dismissed, with costs. Gibson, P. J., Herlihy, Reynolds and Taylor, JJ., concur.